UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> JDI CUMBERLAND INLET, LLC <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO:  25-55072-sms |

NOTICE OF HEARING
ON MOTION OF CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY
TO DESIGNATE NATURE OF DEBTOR'S BUSINESS AS SINGLE ASSET REAL
ESTATE UNDER 11 U.S.C. 101(51B)

**PLEASE TAKE NOTICE** that the Camden County Joint Development Authority (the "Development Authority") has filed *MOTION OF CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY TO DESIGNATE NATURE OF DEBTOR'S BUSINESS AS SINGLE ASSET REAL ESTATE UNDER 11 U.S.C. 101(51B)* (the "Motion") and related papers with the Court seeking an order designating that the nature of the above-captioned Debtor's business is single asset real estate, meaning this bankruptcy case is a "single asset real estate" case as defined by 11 U.S.C. § 101(51B) and that the Debtor is subject to the requirements of 11 U.S.C. § 362(d)(3).

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **10:15 A.M. on July 16, 2025** in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room.

You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including

1

4926-5323-4252.2

addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: June 18, 2025.   **BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Bryan E. Bates*
Bryan E, Bates
Ga. Bar No. 140856
1230 Peachtree St., NE, Suite 2100
Atlanta, GA 30309
P: (404) 868-2794
F: (404) 868-2100
E:  bebates@bradley.com

Edwin G. Rice
(*Pro hac vice application in process*)
Florida Bar No. 855944
1001 Water Street, Suite 1000
Tampa, FL  33602
Phone: (813) 559-5500
Facsimile: (813) 229-5946
Primary email: erice@bradley.com
Secondary email: ajecevicus@bradley.com

*Counsel for Camden County Joint Development Authority*

2

4926-5323-4252.2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>JDI CUMBERLAND INLET, LLC<br><br>Debtor. | CHAPTER 11<br><br>CASE NO:  25-55072-sms |

### MOTION OF CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY TO DESIGNATE NATURE OF DEBTOR'S BUSINESS AS SINGLE ASSET REAL ESTATE UNDER 11 U.S.C. 101(51B)

Camden County Joint Development Authority (the "**Development Authority**") moves on the following grounds for a determination that this case is a "single asset real estate" case as defined by 11 U.S.C. § 101(51B) subject to the provisions of 11 U.S.C. § 362(d)(3):

#### I.     Preliminary Statement

This is a classic "single asset real estate" case.  The Debtor's only asset (except for $11,784.84 in a checking account and a $1,145.00 security deposit) is an undeveloped contiguous tract of land located in the City of St. Marys, Camden County, Georgia (the "**Real Property**").  The Debtor has no business operations other than its ownership of the undeveloped Real Property.  Indeed, the Debtor generates no income from business operations or otherwise.[1]

#### II.     Procedural Background

1.     On May 5, 2025, JDI Cumberland Inlet, LLC (the "**Debtor**") filed a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code (the "**Petition**"). (Doc. 1.)[2]

---

[1] In addition to being a single asset real estate case, the Development Authority believes this case was filed in bad faith.  Indeed, most, if not all, the bad faith factors set forth in the *Phoenix Piccadilly* case are present in this case. *In re Phenix Piccadilly, Ltd.*, 849 F.2d 1393(11th Cir. 1988).  The Development Authority reserves all rights to advance arguments related to the Debtor's bad faith, including in connection with any motion to dismiss this case, motion for relief from the automatic stay, or objection to confirmation which may be later filed by the Development Authority.
[2] In its Petition, the Debtor did not designate itself as a Single Asset Real Estate.  Presumably, it did not do so to try to sidestep the timing requirements in section 362(d)(3) of the Bankruptcy Code.

1

/.

2. The Debtor continues to manage its affairs as debtor and debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No creditors' committee or trustee has been appointed in this case.

4. On May 22, 2025, the Debtor filed its bankruptcy schedules and statement of financial affairs (the "**Schedules**"). (Doc. 11.)

### III. Background Facts

5. Jacoby Development Inc. ("**Jacoby Development**"), the City of St. Marys, and the Development Authority entered into a Development Agreement (the "**Development Agreement**") dated September 16, 2020. A copy of the Development Agreement is attached as **Exhibit "A."** Thereafter, Jacoby Development assigned the Development Agreement to the Debtor but was not released of its obligations thereunder. The Debtor's Schedules reflect that Jacoby Development is the 100% equity interest holder in the Debtor. (Doc 11, p. 18.)

6. Consistent with the Development Agreement, the Development Authority issued its Series 2020 Bond, the proceeds of which were used, in part, to make a loan (the "**Loan**") to the Debtor for the acquisition of all or substantially all the Real Property. A summary of the loan transaction (the "**Loan Summary**") is set forth on attached **Exhibit "B."** As described in the attached summary, the Debtor executed a Guaranty in favor of the Development Authority pursuant to which it also absolutely and unconditionally guaranteed repayment of the Series 2020 Bond.[3]

7. The Development Agreement details the parties' agreement regarding the development of the Real Property into a highly integrated "Master Project". Although the

---

[3] The Debtor's Schedules reflect that the Development Authority has a non-contingent, liquidated, and undisputed secured claim in the amount of $9,386,336.58 which is secured by the Real Estate. (Doc. 11, p. 9.) The Development Authority's secured claim is more than the scheduled amount. The Development Authority will file its proof of claim in due course.

2

Debtor is required to develop the Real Property according to the Development Agreement, it has failed to do so. The Real Property is a contiguous tract of undeveloped land lying within the City of St. Marys in Camden County, Georgia, and the Debtor has not commenced any construction or development on the property.

8. In its Schedules, the Debtor lists the Real Property with a sole address of "1000 Meeting Street, St. Marys, Georgia, 31558" and having a "Liquidated Land Value" of $172,000,000.00. (Doc. 11, p. 6.) No other real property is described in the Debtor's Schedules. In fact, the only other property of any type listed by the Debtor in its Schedules is a checking account with $11,784.84 and a $1,145.00 security deposit. (Doc. 11, p. 1.)

9. The Debtor engages in no business operations except for its ownership of the Real Property. Importantly, the Debtor's Schedules reflect that the Debtor generates no revenue from business operations or otherwise. (Doc. 11, p. 20.)

### IV. Single Asset Real Estate Under 11 U.S.C. §§ 101(51B) and 362(d)(3)

10. This is a "single asset real estate" case within the meaning of Section 101(51B) of the Bankruptcy Code. The Debtor's only meaningful asset is the Real Property which is a contiguous tract of undeveloped land. The Debtor generates no revenue from business operations or otherwise and has no business operations other than the ownership of the Real Property.

11. The Bankruptcy Code defines "Single Asset Real Estate" as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

3

/.

11 U.S.C. § 101(51B). According to § 101(51B), there are three criteria that must be met for a bankruptcy case to qualify as a "single asset real estate" case: (i) the real property must constitute a single property or project; (ii) the real property must generate substantially all of the debtor's income; and (iii) the debtor must not be involved in substantial business other than the operation of the real property or activities incidental thereto. *See, e.g., In re Kara Homes, Inc.*, 363 B.R. 399, 404 (Bankr. D. N.J. 2007).

### a. The "Real Property" is a Single Property and a Single Project

12.  The Real Property is a contiguous tract of undeveloped land. Accordingly, it is a "single property" under §101(51B).

13.  Even if the Court were to find that the contiguous tract of undeveloped land owned by the Debtor is not a "single property", it is nevertheless a "single project" within the meaning of §101(51B). Bankruptcy courts consistently hold that two or more parcels constitute a single project when the properties are "linked together in some fashion in a common plan or scheme involving their use." *In re Rear Still Hill Road, L.L.C.*, 2007 Bankr. WL 2935483, at *5 (Bankr. D. Conn. Oct. 5, 2007) (finding single asset real estate case where debtor intended to develop two parcels for single family homes); *In re Costa Bonita Beach Resort, Inc.*, 2009 WL 2900035, at *3 (Bankr. D. P.R. July 24, 2009) (finding a single asset real estate case where debtor was involved in the single project of designing and building a beach resort condominium structure); *In re Pensignorkay, Inc.*, 204 B.R. 676, 681–82 (Bankr. E.D. Pa. 1997) (holding that "a [275 acre] tract of undeveloped land consisting of two adjacent parcels of real property that the Debtor acquired with the intention of creating subdivided parcels suitable for building and development constitutes a 'single property or project' within the meaning of the statute.").

4

/.

14. The Real Property was acquired by the Debtor for the purpose of developing it as a "Master Project" under the Development Agreement. The Debtor is contractually obligated to develop the Real Property according to the highly integrated development plan set forth in the Development Agreement. The "Master Project", as detailed in the Development Agreement, is a common scheme or plan to develop the Real Property which constitutes a "single project" under §101(51B). *Rear Still Hill Road*, 2007 WL 2935483, at *5 (finding two parcels constituted a "single project" based on a unified application made by the debtor to the municipal planning and zoning board); *see also In re Webb MTN, LLC*, 2008 WL 656271, at *5 (Bankr.E.D.Tenn. Mar. 6, 2008) (finding five largely undeveloped contiguous tracts constituted a "single project" based on a pre-petition concept plan submitted to the county regional planning commission that included plans for a luxury hotel with convention center and spa, two 18–hole golf courses, a retail commercial center, single-family homes, and condominiums to be built on the property).

15. Indeed, in the Recitals to the Development Agreement it is specifically provided that: "Each component of the Master Project will be physically and economically integrated. The Public Benefit (defined below) represented by each of them would not be possible without the other."

### b. Substantially All of Debtor's Income

16. The second element in the determination of a "single asset real estate" case – that the real property must generate substantially all of the debtor's income – is satisfied because the Debtor's Schedules reflect that the Debtor generates no income. (Doc. 11, p. 20.)

5

/.

### c. Debtor Conducts No Substantial Business on the Real Property

17. The final element in § 101(51B) requires that the Debtor not be involved in any substantial business other than the operation of the property and other activities incidental thereto. *In re Kara Homes, Inc.*, 363 B.R. at 404.

18. In this case, the Debtor does not operate any business on the Real Property. Its business is merely the ownership of the Real Property. Conceivably the Debtor may have engaged is some minimal predevelopment activity regarding the Real Property, but any such activity would be incidental to its ownership of the Real Property. Therefore, the third factor cannot be disputed.

WHEREFORE, the Development Authority requests the Court to enter an order designating that the nature of the Debtor's business is single asset real estate, meaning this bankruptcy case is a "single asset real estate" case, as defined by 11 U.S.C. § 101(51B), that the Debtor is subject to the requirements of 11 U.S.C. § 362(d)(3), and granting such other and further relief as Court determines is appropriate.

This 18th day of June, 2025.        BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Bryan E. Bates*
Ga. Bar No. 140856
1230 Peachtree St., NE, Suite 2100
Atlanta, GA 30309
P: (404) 868-2794
F: (404) 868-2100
E:  bebates@bradley.com

Edwin G. Rice
(*Pro hac vice application in process*)
Florida Bar No. 855944
1001 Water Street, Suite 1000
Tampa, FL  33602
Phone: (813) 559-5500
Facsimile: (813) 229-5946
Primary email: erice@bradley.com

6

/.

Secondary email: ajecevicus@bradley.com

*Counsel for Camden County Joint Development Authority*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court and served the following using the CM/ECF system which will send notification of such filing to those parties who receive electronic notices via CM/ECF in the above-referenced case, including:

Ron C. Bingham, II on behalf of Creditor Matsco, Inc.
ron.bingham@arlaw.com, lianna.sarasola@arlaw.com

Ceci Christy on behalf of Debtor JDI Cumberland Inlet, LLC
cchristy@rlkglaw.com,wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com

Lindsay P. S. Kolba on behalf of U.S. Trustee United States Trustee
lindsay.p.kolba@usdoj.gov

William A. Rountree on behalf of Debtor JDI Cumberland Inlet, LLC
wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emiller@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com

                                                      By:    */s/ Bryan E. Bates*
                                                                Bryan E. Bates

/.