# EXHIBIT B

## Loan Summary[1]

1. The Camden County Joint Development Authority (the "**Development Authority**") is a joint development authority duly organized and validly existing under the Constitution and laws of the State of Georgia, including the Development Authorities Law (O.C.G.A. § 6-62-1, *et seq.*), as amended (the "**Act**").

2. The Development Authority was created and enacted pursuant to the Act for the purpose of promoting trade, commerce, industry, and employment opportunities for the public good and general welfare and for the purpose of promoting the general welfare of the State of Georgia, specifically in Camden County, Georgia.

3. Pursuant to the Act, the Development Authority has the power, inter alia, to borrow money in furtherance of its public purposes and to use the proceeds thereof for a project for any industrial, commercial, business, office, parking, public, or other use, provided that a majority of the members of the Development Authority determine by a duly adopted resolution that the project and the use thereof would further the public purposes described in the Act.

4. Pursuant to this authority, the Development Authority entered into a Development Agreement (the "**Development Agreement**") dated September 16, 2020, with the City of St. Marys, Georgia and Jacoby Development Inc. ("Jacoby Development") which sets forth the parties' agreement regarding the development of the Real Property into to a "Master Project".

5. Jacoby Development thereafter assigned the Development Agreement to the Debtor pursuant to an Assignment and Assumption of Development Agreement dated June 1, 2021 (the "**Assignment**") but was not released of its obligations thereunder.

---

[1] Capitalized terms that are not defined in this Loan Summary shall have the meaning ascribed to such terms in Camden County Joint Development Authority's Motion for Determination this is a Single Asset Real Estate Case.

4920-5064-0716.1

6. Consistent with the Development Agreement, the Development Authority adopted a bond resolution on August 25, 2020 and a supplemental resolution on June 10, 2021 (the "**Bond Resolutions**") authorizing it to issue Taxable Industrial Development Revenue Bonds, Series 2020, in the original principal amount of $10,848,500 (the "**Series 2020 Bond**") to, among other things, finance the Debtor's acquisition of the Real Property for development as provided in the Development Agreement.

7. Pursuant to the Bond Resolutions, the Development Authority issued its Series 2020 Bond, the proceeds of which were used, in part, to make a loan (the "**Loan**") to the Debtor for the acquisition of all or substantially all the Real Property.

8. In connection with the Loan, the Debtor and Development Authority entered into a Loan Agreement dated as June 1, 2021 (the "**Loan Agreement**").

9. The Loan is further evidenced by, among other things, a Promissory Note executed by the Debtor in favor of the Development Authority, dated June 1, 2021 (the "**Promissory Note**").

10. The Loan and all other obligations of the Debtor under the Loan Documents (as defined below) are secured pursuant to a Fee and Leasehold Deed to Secure Debt and Security Agreement (First Priority) dated June 1, 2021 (the "**First Priority Instrument**") executed by the Debtor in favor of the Development Authority and recorded with the Clerk of Court for Camden County, Georgia in Book 2128, beginning on Page 796.

11. The Loan and all other obligations of the Debtor under the Loan Documents are further secured pursuant to a Fee and Leasehold Deed to Secure Debt and Security Agreement (Second Priority) dated June 1, 2021 (the "**Second Priority Instrument**") executed by the Debtor in favor of the Development Authority and recorded with the Clerk of Court for Camden County, Georgia

in Book 2128, beginning on Page 837. The First Priority Instrument and the Second Priority Instrument are collectively referred to as the "Instruments."

12. The Loan and all other obligations of the Debtor under the Loan Documents are further secured pursuant to an Assignment of Leases and Rents (First Priority) executed by the Debtor in favor of the Development Authority dated June 1, 2021 (the "**First Priority Assignment of Leases and Rents**") and recorded with the Clerk of Court for Camden County, Georgia in Book 2128, beginning on Page 819.

13. The Loan and all other obligations of the Debtor under the Loan Documents are further secured pursuant to an Assignment of Leases and Rents (Second Priority) executed by the Debtor in favor of the Development Authority dated June 1, 2021 (the "**Second Priority Assignment of Leases and Rents**") and recorded with the Clerk of Court for Camden County, Georgia in Book 2128, beginning on Page 859. The First Priority Assignment of Leases and Rents and the Second Priority Assignment of Leases and Rents are collectively referred to as the "Assignments."

14. The liens and security interests granted pursuant to the Instruments and Assignments cover all or substantially all of the Real Property.

15. In connection with the Loan, the Debtor also executed a Guaranty dated June 1, 2021 (the "**Guaranty**") in favor of the Development Authority pursuant to which it, among other things, "absolutely and unconditionally" guaranteed repayment of the Series 2020 Bond.

16. The Debtor's obligations under the Guaranty and other Loan Documents are secured pursuant to a Collateral Assignment of Government Authorizations (the "**Collateral Assignment**") executed by the Debtor in favor of the Development Authority dated June 1, 2021.

3

17. The term "**Loan Documents**" includes the Development Agreement, the Loan Agreement, the Note, the Instruments, the Assignments, the Guaranty, the Collateral Assignment, and any other written agreement executed in connection with the Loan.

18. The Debtor defaulted on its obligations under the Loan Document by, among other things, failing to make payments to the Development Authority when required under the Loan Documents.

19. On or about February 21, 2025, the Development Authority provided the Debtor with Notice of Default and accelerated the amounts due under the Loan Documents (the "**Default Letter**").

20. The Development Authority received no response to the 2025 Default Letter.

21. The Loan Documents provide for the recovery of attorneys' fees and other expenses in the event of a default.

22. Through the Default Letter the Development Authority notified the Debtor of its intent to seek recovery of its attorneys' fees and costs in the event payment in full was not received within ten (10) days.

4