UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC, | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF ORDER PURSUANT TO
BANKRUPTCY RULE 9018 AUTHORIZING ENTRY OF
A CONFIDENTIALITY ORDER**

Debtor JDI Cumberland Inlet, LLC ("**Debtor**"), by and through its undersigned counsel, respectfully moves this Court pursuant to § 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order authorizing the filing under seal of certain documents containing confidential commercial information and precluding the Camden County Joint Development Authority (the "**JDA**") from disseminating or discussing documents marked as Confidential with any parties not identified under the terms of a confidentiality order. In support of this Motion, the Debtor states as follows:

**INTRODUCTION**

Debtor's responses to the JDA's Amended Notice of Bankruptcy Rule Examination Duces Tecum of Debtor Exhibit A (the "**Document Requests**") [Doc. No. 28] were to be produced on Friday, July 18, 2025. Debtor provided the documents to its counsel, and, upon review, counsel realized that many of the documents could not be produced without the protections of a confidentiality order. The offers and letters of intent and supporting materials provided by offerors and other documents sought by the JDA in Document Requests 1 through 4 and 9 (the "**Confidential Documents**") are designated by the authors of the documents as proprietary and

confidential and prohibit Debtor from disclosing the documents to any other party. The Confidential Documents also contain confidential and sensitive financial information supporting he offers and solicitations. Debtor's counsel informed the JDA's counsel on Monday afternoon that Debtor will produce all requested documents without redaction if the JDA enters into a Confidential Agreement with a provision allowing the JDA to object to the confidentiality designation if the JDA intends to share the Confidential Information with another party. The JDA refuses to execute such a confidentiality agreement.

Debtor desires to comply with the Document Requests and to produce the Confidential Documents. To facilitate the production, Debtor asks the Court to enter the attached Confidentiality Order to allow Debtor to comply with the Document Requests (the "**Confidentiality Order**"). The Confidentiality Order is attached hereto as **Exhibit A.**

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).
3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.
4. The statutory predicates for the relief requested are § 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

### BACKGROUND

5. On May 22, 2025, Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.
6. The JDA seeks from Debtor the production of certain documents that Debtor asserts contain confidential and proprietary information. The Document Requests are attached hereto as **Exhibit B**.

7. The documents sought in Document Requests 1 through 4 and 9 were drafted by third parties and consist of offers, term sheets, letters of intent, financial analysis relating to potential financial transactions with Debtor in its development of real property it owns in St. Mary's, Georgia (the "Property").

8. The Confidential Documents prepared by third parties contain highly sensitive, confidential, and proprietary commercial information, including proposed pricing, financial projections, strategic terms, financial analysis, and other competitive data relating to the third parties and Debtor.

9. The Confidential Documents on their face expressly advise Debtor that the information contained in the Confidential Documents is confidential and proprietary and that disclosure to any other party would harm their competitive standing and business interests,

10. Further, the Confidential Documents themselves contractually and ethically obligate Debtor to maintain the confidentiality of these materials which it cannot share or release without appropriate safeguards.

### RELIEF REQUESTED

10. By this Motion, Debtor requests that this Court enter an order (i) pursuant to Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 authorizing the Debtor to file the Confidential Documents under seal, if necessary, and (ii) approving the entry of the Confidentiality Order limiting the dissemination of the Confidential Documents to the JDA and other parties in interest as permitted under the confidentiality order.

### BASIS FOR RELIEF

11. Section 107(b)(1) of the Bankruptcy Code provides: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court

    may, protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

12. Bankruptcy Rule 9018 implements this provision and authorizes the Court: "On motion or on its own, the court may, with or without notice, issue any order that justice requires to: (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

13. Here, the Confidential Documents contain non-public commercial information of third-parties that is highly sensitive and proprietary. Disclosure without protections would cause harm to the third parties and could chill future negotiations and competitive exchange of information with these third-parties or future interested buyers or investors, thereby harming Debtor's bankruptcy estate.

## THE CONFIDENTIALITY ORDER

15. The Confidentiality Order allows Debtor to produce the requested documents to the JDA and specified interested parties while maintaining the Confidential Documents under seal, if necessary, and prohibiting unauthorized disclosure by the JDA.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter the attached Confidentiality Order pursuant to § 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 and grant such other and further relief as this Court deems just and proper.

Respectfully submitted, this 22nd day of July 2025.

**ROUNTREE LEITMAN KLEIN &GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC, | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**PROTECTIVE AND CONFIDENTIALITY ORDER**
**REGARDING RULE 2004 EXAMINATION DUCES TECUM OF DEBTOR**

Camden County Joint Development Authority (the "**JDA"**) seeks the production of documents from Debtor JDI Cumberland Inlet, LLC ("**Debtor**")for its Fed. R. Bankr. P. 2004 ("**Rule 2004**") examination of Debtor (the "**2004 Examination and Requests**") [Doc. No. 28]. Debtor asserts that the documents requested in bullet points 1 through 4 and 9 in the 2004 Examination and Requests (the "**Confidential Documents**") contain confidential and proprietary

information of third-parties. Debtor desires to produce the Confidential Documents but can do so only under the terms as set forth in this Protective and Confidentiality Order. Accordingly, it is hereby ORDERED:

1. The scope of this Order includes all documents produced in discovery, all responses to discovery requests, all deposition or Rule 2004 testimony, and exhibits and any other materials which may be subject to discovery (collectively, "**Documents**") shall be subject to this Order concerning confidential information as follows.

2. "**Confidential Information**" shall mean confidential or proprietary, technical, scientific, financial, confidential research, development or commercial information, and information that disclosure of which Debtor reasonably and good faith believes would likely cause harm or place Debtor at a commercial disadvantage. Confidential Information also includes information stated as proprietary or confidential on its face that was received by Debtor in the course of its business as the owner and developer of real property at issue in this bankruptcy case. The certification shall be made concurrently with the disclosure of the documents Information or documents which are available in the public sector may not be designated as confidential. A designation as confidential does not in any way prevent such information from being used in litigation, according to the procedures set forth herein.

3. "**Outside Expert**" means any experts, consultants, and their staff with whom counsel may deem it necessary to consult for the preparation of an objection to Debtor's plan of reorganization or in the prosecution of the JDA's motion to designate Debtor as a single asset real estate entity and who are retained solely for the purpose of assisting the JDA on those matters.

2

4. In order to protect the confidentiality and sensitive nature of Confidential Information, Debtor may designate documents with the designation "Confidential – Attorney's Eyes Only." The Confidential – Attorney's Eyes Only designation shall preclude the document from disclosure to anyone other than the attorneys and their employees without the written permission from Debtor. The "Confidential – Attorney and Client's Eyes Only" designation shall preclude the document from disclosure to anyone other than the attorneys and their employees and the Plaintiff without the written permission from Debtor. Each designation shall preclude disclosure to all other persons without the written permission of Debtor **and** that person's signature on this or a similar confidentiality agreement prepared by Debtor. Disclosure to expert witnesses shall not require written permission of Debtor, but the JDA shall notify Debtor in writing within five (5) days of the disclosure of the intent to disclose documents to the expert witness.

6. Scope of Protection

(a) This Order governs any information requested by or from the parties or non-parties in connection with the 2004 Examination and Requests.

(b) Nothing in this Order shall prevent or restrict Debtor's own disclosure or use of its own Confidential Information for any purpose, and nothing in this Order shall preclude Debtor from showing its Confidential Information to an individual who prepared the Confidential Information.

(c) Nothing in this Order shall restrict in any way the use or disclosure of Confidential Information by the JDA: (i) that is or has become publicly known through no fault of the JDA; (ii) that is lawfully acquired by or known to the JDA independent of Debtor; (iii) previously produced, disclosed and/or provided by Debtor to the JDA or a non-party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) with the consent of Debtor.

7. Confidential Information designated as "Confidential – Attorney's Eyes Only" may be disclosed only to:

(a) the JDA's counsel of record in this Bankruptcy Case and such counsel's immediate paralegals and staff;

(b) the JDA's outside expert that has been retained by the JDA in connection with this Bankruptcy Case;

(c) court reporters in this action and their staff; and

(d) the Court.

8. During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

9. The JDA shall use such Confidential Information, subject to the restrictions in this Order, only for the purposes of this bankruptcy case. Absent further court order, the JDA shall not use Confidential Information for any other litigation or for any business or other purpose whatsoever.

10. To the extent the JDA intends to file any motions, briefs, pleadings, deposition transcripts, or other papers with the Court that attach or otherwise incorporate Confidential Information, the party filing such papers shall file the same under seal.

11. In the event that the JDA is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the JDA must

4

notify Debtor in writing within five (5) calendar days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order, and shall cooperate with Debtor in order to give Debtor the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. Debtor must move to quash or extend the time to comply with any such subpoena within 10 days of notification by the JDA of the subpoena.

12. In the event Confidential Information is inadvertently disclosed to a third party other than those identified in this Order, such disclosure shall be reported in writing to Debtor within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

13. In the event of a dispute over whether inadvertently disclosed material constitutes Confidential Information, counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. If the parties are unable to resolve their dispute informally, a party objecting to the designation of materials Confidential Information may apply to the Court for a ruling that the information should not be so treated.

14. This Order is subject to modification on motion of any party or any other

5

person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

15. This Order is entered based on the representations of Debtor's counsel and and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by Debtor's counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

16. This Order shall take effect when entered and shall be binding upon counsel for Debtor, counsel for JDA, and their respective law firms, clients, and experts, if any.

***END OF DOCUMENT***

**PREPARED BY:**

**ROUNTREE LEITMAN KLEIN &GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

6

EXHIBIT B

- All letters of intent, commitment letters, expressions of interest, or similar documents regarding refinancing the Loan[2];

- All letters of intent, commitment letters, expressions of interest, or similar documents regarding financing development of the Debtor's real property;

- All documents that the Debtor contends show its efforts to secure financing to develop the Debtor's real property in conformity with the Development Agreement or otherwise;

- All documents that the Debtor contends shows its efforts to raise additional capital to develop the Debtor's real property in conformity with the Development Agreement or otherwise;

- All documents related to or otherwise supporting the Debtor's valuation of its real property as reflected in the Schedules;

- All appraisals of the Debtor's real property or any portion thereof;

- All documents that show any attempts or efforts by the Debtor to sell or lease its real property or any portion thereof in conformity with the Development Agreement or otherwise;

- Any drafts of the "Master Plan", the "Implementation Plan", and the "Plan of Finance" described in the Development Agreement; and

- All plans, drawings, specifications, contracts, and subcontracts regarding development of Debtor's real property.

---

[2] Capitalized terms shall have the meaning ascribed to such terms in the Motion of Camden County Joint Development Authority for Rule 2004 Examination of the Debtor and Request for Documents (Doc 19).

4916-0121-5826.1    4

## CERTIFICATE OF SERVICE

I certify that on this day I served the foregoing pleading by filing same and through the Court's ECF system upon the following:

Doroteya Wozniak    dwozniak@bradley.com

Ed Rice    erice@bradley.com

Lindsay Kolba    lindsay.p.kolba@usdoj.gov

This 22nd day of July 2025.

                                                     */s/ Ceci Christy*
                                                     Ceci Christy
                                                     Georgia Bar No. 370092