**IT IS ORDERED as set forth below:**



Date: August 8, 2025

_____
Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>JDI CUMBERLAND INLET, LLC<br><br>Debtor. | CHAPTER 11<br><br>CASE NO: 25-55072-sms |

**FINAL CONSENT ORDER ON DEBTOR'S MOTION FOR PROTECTIVE ORDER REGARDING RULE 2004 EXAMINATION DUCES TECUM OF DEBTOR**

Before the Court is JDI Cumberland Inlet, LLC's ("Debtor") Motion for Entry of Order Pursuant to Bankruptcy Rule 9018 Authorizing Entry of a Confidentiality Order (Doc. 29) (the "Motion"), Camden County Joint Development Authority's (the "JDA") response in opposition to the Motion (Doc. 32) ("Response"), and Debtor's reply to JDA's Response (Doc. 33) (the "Reply"). The Court held a telephonic status conference on July 24, 2025 (the "Interim Hearing") at which time the Court considered the Motion, Response, and Reply with appearances by counsel for Debtor and JDA, and thereafter entered its Agreed Interim Order on Debtor's Motion for Protective Order Regarding Rule 2004 Examination Duces Tecum of Debtor (Doc. 36). The Debtor and JDA have advised the Court that they have stipulated to the entry of this final order on the Motion. Accordingly, it is **HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

4931-9983-6763.1

1. The Motion is GRANTED as set forth below

2. Debtor shall produce to JDA all documents responsive to the documentary requests referenced on Exhibit "A" of JDA's Amended Notice of Bankruptcy Rule 2004 Examination Duces Tecum of JDI Cumberland Inlet, LLC (Doc. 28) (the "Requests").

3. Subject to further order of the Court and paragraph 12, any documents produced in response to bullet points 1-4 of the Requests shall be marked as "Confidential" and shall be deemed confidential ("Confidential Information") and shall not be disclosed to any third party, except as expressly provided herein. Such documents may be disclosed only to the following who are designated as "Qualified Persons":

    a. JDA and its employees,

    b. the attorneys of record in this action, and any other attorneys retained by JDA in connection with the bankruptcy case or JDA's claim against the Debtor or JDA's collateral, or otherwise, and their respective associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by such attorneys to provide litigation support services, including the employees of said organizations;

    c. experts and consultants retained by JDA or its attorneys, and the employees of such experts and consultants who are assisting them;

    d. court reporters, deposition stenographers and videographers;

    e. trial consulting services retained by JDA or its attorneys;

    f. photocopy, document imaging and database services consultants retained by JDA or its attorneys;

  g. such other persons as hereafter may be designated by written agreement of the Debtor and JDA or by order of the Court;

  h. witnesses during discovery and witnesses for any evidentiary hearing or for purposes of preparation of such witnesses, provided the Confidential Information is not retained by the witness(es) at the conclusion of the deposition, hearing preparation or hearing; and

  i. the Court and its staff members; and

  j. any judicial officers, court personnel, or other judicial entities, including clerks and court reporters, to the extent necessary for the filing, adjudication, appeal, or resolution of any proceedings filed by JDA against Debtor and/or any collateral in another court or jurisdiction.

4. If Confidential Information is utilized or referred to during depositions, the Debtor or JDA may request and require that only Qualified Persons, the deponent and the reporter shall be present. A party shall, either at the deposition itself, or within 14 days after actual receipt of the transcript thereof, notify the other party and the deponent on the record or in writing, that the information is confidential and shall designate the transcript or portions thereof for which such claim is made. The transcript or portions thereof, including exhibits, for which confidentiality is claimed shall be prominently marked "Confidential Material subject to Protective Order."

5. Except as otherwise set out in this paragraph and other parts of this Order, if Debtor or JDA seek to file Confidential Information with the Court, such information must be filed under seal. Confidential Information with only portions designated as confidential may be publicly filed with the Court if the confidential portions are redacted. If the Debtor or JDA seek

3

4931-9983-6763.1

to file a motion, pleading, deposition, document, or other filing with the Court that summarizes, quotes, or contains protected material from a Confidential Information, the party shall publicly file the motion, pleading, deposition, document, or other filing with the Confidential Information redacted, and also file under seal an unredacted version and provide a copy of the unredacted version to the other party.

6. If JDA believes that it is necessary to disclose Confidential Information to anyone other than Qualified Persons identified in this Order, JDA shall provide to the Debtor (through its counsel), 7 days prior written notice of the intent to disclose Confidential Information to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If the Debtor objects in writing to such disclosure within that 7-day period, then such Confidential Information will not be disclosed unless and until the Court overrules the objection. Confidential Information will only be disclosed to a third party pursuant this paragraph if the third-party recipient agrees to be bound by the protections and limitations imposed by this Order.

7. The JDA may object to any designation of Confidential Information under this Order at any time. In such event, the following procedure shall be utilized:

    a. The JDA shall give the Debtor (or its counsel of record) written notice thereof, stating the reason therefore, and specifying the document by production number, information, or other thing as to which such objection is made.

    b. If the Debtor and JDA cannot reach agreement concerning the matter within five (5) business days after delivery of the notice, then the JDA may file a motion requesting an order of the Court to remove the Confidential Information designation of such objected to document, information or thing pursuant to this Order. The protections

of this Order shall continue to apply to the objected to document, information or thing pending a decision by the Court.

        c.     JDA shall not be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. The JDA shall, by failure to object, not be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

        8.     Subject to the Federal Rules of Evidence, stamped Confidential Information may be offered in evidence at any evidentiary hearing. The Debtor or JDA may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the hearing.

        9.     Upon closing of this bankruptcy case, all Confidential Information obtained, disclosed or used pursuant to this order, and any copies thereof, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Information shall be destroyed or erased.

        10.     This Order shall survive the closing of this bankruptcy case. All Confidential Information shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court or other competent officer or entity, renders a decision that any challenged material shall not be covered by the terms of this Order.

        11.     Nothing in this Order shall restrict in any way the use or disclosure of Confidential Information by the JDA: (i) that is or has become publicly known through no fault of the JDA; (ii) that is lawfully acquired by or known to the JDA independent of Debtor; (iii)

4931-9983-6763.1

previously produced, disclosed and/or provided by Debtor to the JDA or a non-party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) with the consent of Debtor.

12. Nothing in this Order shall be interpreted as imposing any confidentiality restrictions on any Confidential Information which may constitute collateral of JDA under its respective loan documents, or modifying JDA's rights under its applicable loan documents.

13. This Order is subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Debtor and JDA shall have been given notice and an opportunity to be heard on the proposed modification.

14. The final hearing on the Motion scheduled for August 13, 2025, beginning at 10:00 a.m. EST is cancelled.

15. This Order shall take effect when entered and shall be binding upon JDA and Debtor.

**END OF DOCUMENT**

Presented and Prepared by:

**BRADLEY ARANT BOULT CUMMINGS LLP**
*/s/ Bryan E. Bates*
Ga. Bar No. 140856
1230 Peachtree St., NE, Suite 2100
Atlanta, GA 30309
P: (404) 868-2794
F: (404) 868-2100
E: bebates@bradley.com

*/s/ Doroteya N. Wozniak*
Doroteya N. Wozniak
Georgia Bar No. 627491
Promenade Tower

4931-9983-6763.1

1230 Peachtree Street NE
21st Floor
Atlanta, Georgia 30309
(404) 868 2801Telephone
dwozniak@bradley.com

*/s/ Edwin G. Rice*
Edwin G. Rice
Florida Bar No. 855944
1001 Water Street, Suite 1000
Tampa, FL  33602
Phone: (813) 559-5500
Facsimile: (813) 229-5946
Primary email: erice@bradley.com
Secondary email: ajecevicus@bradley.com
**Pro hac vice**
*Counsel for Camden County Joint Development Authority*

Consented to by:

**ROUNTREE LEITMAN KLEIN &GEER, LLC**
*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*


Distribution List:

Lindsay Kolba
United States Trustee's Office
75 Ted Turner Drive, SW
Room 362
Atlanta, GA 30303

7

4931-9983-6763.1

United States Bankruptcy Court

Northern District of Georgia

In re:  Case No. 25-55072-sms
JDI Cumberland Inlet, LLC  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113E-9  User: bncadmin  Page 1 of 2
Date Rcvd: Aug 08, 2025  Form ID: pdf456  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 10, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | JDI Cumberland Inlet, LLC, 8200 Roberts Drive, Ste. 475, Atlanta, GA 30350-4132 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 10, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 8, 2025 at the address(es) listed below:

**Name**     **Email Address**

Bryan E. Bates
    on behalf of Creditor Camden County Joint Development Authority bebates@bradley.com

Ceci Christy
    on behalf of Debtor JDI Cumberland Inlet  LLC cchristy@rlkglaw.com, wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com

Doroteya Wozniak
    on behalf of Creditor Camden County Joint Development Authority dwozniak@bradley.com

Edwin G. Rice
    on behalf of Creditor Camden County Joint Development Authority erice@bradley.com ajecevicus@bradley.com;edwin-rice-1713@ecf.pacerpro.com

Lindsay P. S. Kolba
    on behalf of U.S. Trustee United States Trustee lindsay.p.kolba@usdoj.gov

District/off: 113E-9 User: bncadmin Page 2 of 2
Date Rcvd: Aug 08, 2025 Form ID: pdf456 Total Noticed: 1

Ron C. Bingham, II
      on behalf of Creditor Matsco  Inc. ron.bingham@arlaw.com, lianna.sarasola@arlaw.com

William A. Rountree
      on behalf of Debtor JDI Cumberland Inlet  LLC wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emiller@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com

TOTAL: 7