# EXHIBIT N

# ROBERTS | TATE LLC

2487 Demere Road, Suite 400　　　　　　　　　　　　　　　　TEL: (912) 638-5200
St. Simons Island, GA 31522　　　　　　　　　　　　　　　　FAX: (912) 638-5300

February 21, 2025

*<u>Via U.S. Certified Mail, Return Receipt Requested,
Regular U.S. Mail, and Electronic mail to:</u>* jjacoby@jacobydevelopment.com

JDI CUMBERLAND INLET, LLC
c/o Jacoby Development Inc.
8200 Roberts Drive – Suite 200
Atlanta, Georgia 30350
Attention: James F. Jacoby, Chairman

*<u>With a Copy via U.S. Certified Mail, Return Request Requested, and
Regular U.S. Mail to:</u>*

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, Georgia 30308
Attention: Andrea L. Rimer, Esq.

*<u>With a Copy via U.S. Certified Mail, Return Request Requested, and
Regular U.S. Mail to:</u>*

JACOBY DEVELOPMENT INC.
8200 Roberts Drive – Suite 200
Atlanta, Georgia 30350
Attention: James F. Jacoby, Chairman

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta, Georgia 30308
Attention: Annette Michelle (Shelli) Willis, Esq.

　　　　　Re:　**<u>NOTICE OF DEFAULT, ACCELERATION OF LOAN DOCUMENTS, and
　　　　　　　　DEMAND FOR IMMEDIATE PAYMENT OF ALL AMOUNTS DUE</u>**

Dear Mr. Jacoby:

　　　　As you are aware the undersigned and this firm is counsel to Camden County Joint Development Authority ("Lender") with regard to the Development Agreement effective September 16, 2020 by and between Lender, The City of St. Marys, Georgia, and Jacoby Development, Inc.; Loan Agreement dated June 1, 2021 ("Loan Agreement") by and between JDI Cumberland Inlet, LLC ("Borrower") and Lender; Promissory Note dated June 1, 2021 from Borrower to Lender (the "Note"); Fee and Leasehold Deed to Secure Debt and Security Agreement

February 21, 2025
Page 2

(First Priority) dated June 1, 2021 from Borrower to Lender; Deed to Secure Debt and Security Agreement (Second Priority); the Assignment (defined in the Development Agreement); the Guaranty (defined in the Loan Agreement); the Collateral Assignment (defined in the Loan Agreement), and any other written agreement executed in connection with the Loan (defined in the Loan Agreement) and by the party against whom enforcement is sought, including those given to evidence or further secure the payment and performance of any of the Obligations (as defined in the Loan Agreement), and any written renewals, extensions, and amendments of the foregoing, executed by the party against whom enforcement is sought (collectively the foregoing is hereinafter referred to as the "Loan Documents").

As you are aware, the Loan Documents require, among other things, that interest under the Note shall be due and payable on February 15 each year until the Loan (as defined in the Loan Agreement) is paid in full.  As you are further aware, an interest payment in the amount of $181,341.24 was due on or before February 18, 2025.  Borrower has failed to timely make the payment of interest in the amount of $181,341.24 on or before February 18, 2025.  Subject to the Loan Documents and Lender's acceleration and demand for payment of all Obligations as set forth below, said interest payment shall be subject to the Daily Charge (as defined in the Loan Agreement) and subsequently the Late Charge (as defined in Section 1.04(a) of the Loan Agreement).

Accordingly, notice is hereby given that an Event of Default (as such term is defined in Section 6.01(a) of the Loan Agreement and cross-referenced in the Loan Documents) has occurred and is continuing to occur with respect to the Loan Documents on account of, among other things, Borrower's failure to make the interest payment when and as due under the Loan Documents on or before February 18, 2025.  All Obligations (as defined in Section 1.01 of the Loan Agreement), including but not limited to, all indebtedness, interest, liabilities, and other sums due and payable under the Loan Documents (collectively, the "Amounts Due") are hereby accelerated and now due and payable and the default rate of interest, along with any late charges, as provided in the Loan Documents shall begin to accrue.  As of February 21, 2025, the Amounts Due equal **$9,307,034.58**, consisting of a principal balance of $9,135,578.96 and accrued but unpaid interest of $171,455.62.  The Amounts Due shall continue to accrue interest at the Default Rate (as defined in Section 1.04(b) of the Loan Agreement) equal to a *per diem* rate of $3,172.08. Demand is hereby made on Borrower for payment in full of the Amounts Due.

Unless the Amounts Due are paid in full within ten (10) days of your receipt of this demand, the provisions for attorneys' fees in the Loan Documents will be enforced as provided in the Loan Documents and/or O.C.G.A. § 13-1-11.  If the Amounts Due are paid to Lender within the aforementioned ten (10) day period, Borrower will not incur the additional obligation of contractual and/or statutory attorneys' fees.

Please be further advised that notice is hereby given that an Event of Default (as that term is defined in Section 6.01(a) of the Loan Agreement and cross-reference in the Loan Documents) has occurred and is continuing to occur with respect to the Loan Documents on account of, among other things: (i) Borrower's failure to pay all taxes when and as due in the total amount of $133,193.42 as of February 20, 2025 as required under Section 3.03(a) of the Loan Agreement, and (ii) Borrower's failure to obtain and/or maintain all applicable insurance coverages as required

February 21, 2025
Page 3

under Section 3.06 of the Loan Agreement. Demand is hereby made on Borrower to cure such Events of Default pursuant to Sections 6.01(a) and 6.01(i), respectively, of the Loan Agreement.

Lender reserves all of the rights, remedies, and recourses that may be available under the Loan Documents and/or at law or at equity, including but not limited to, its rights to foreclose upon the security interests covering the real and personal property securing the payment of the obligations under the Loan Documents. Please be advised that because of this demand, the receipt by Lender of any partial payment by Borrower and acceptance by Lender of any partial payments, shall not act to cure the Event of Default which exists under the Loan Documents and that the demand for payment of the entire Amounts Due will continue to be in effect.

Time is strictly of the essence with regard to all statements made in this demand. If you have any questions, you or your counsel may contact me.

**\*\*\*BE ADVISED THAT THIS CORRESPONDENCE IS IN FURTHERANCE OF COLLECTION OF A DEBT. GOVERN YOUR RESPONSIVE ACTIONS ACCORDINGLY.\*\*\***

Sincerely,

*/s/ Daniel J. Strowe*
Daniel J. Strowe

cc:   Lender (by email)