UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION**

Pursuant to Section 1129 of the Bankruptcy Code, Rule 3015 of the Federal Rules of Bankruptcy Procedure and this Court's Order and Notice Conditionally Approving Disclosure Statement and of Assignment of Hearing on Confirmation of Plan and Establishing Deadlines [Doc. No. 51], MATSCO, Inc. ("MATSCO") objects to confirmation of the Plan of Reorganization dated September 3, 2025 [Doc. No. 48] (the "Plan") filed by JDI Cumberland Inlet, LLC (the "Debtor"). In support thereof, MATSCO respectfully shows this Court as follows:

**Background – Standing to Object**

1.

The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Code on May 5, 2025 (the "Petition Date").

2.

On or about October 17, 2024, the Debtor entered into a Promissory Note with MATSCO in the original principal amount of $1,000,000 (as amended, renewed or modified, the "Note") secured by, among other things, certain undeveloped real property located in Camden County, Georgia (the "Property").

3.

The Debtor currently maintains possession of the Property and, according to the Debtor, a recent appraisal of the Property values the undeveloped land at $172,000,000.

4.

The total amount outstanding under the Note as of the Petition Date, including principal, accrued interest and late charges, but excluding attorneys' fees and other costs and charges that MATSCO is entitled to recover pursuant to the Note and 11 U.S.C. § 506, was $1,049,561.64. MATSCO filed a secured Proof of Claim in said amount on September 19, 2025 [Claim No. 4].

**MATSCO's Treatment Under the Plan**

5.

MATSCO is the holder of a Class 2 secured claim arising from the indebtedness owed under the Note. The Debtor proposes to pay the Class 2 claim as follows:

(b) **Class 2 – Matsco Allowed Secured Claim.** Class 2 shall consist of the Secured Claim of Matsco, Inc. (the "**Matsco Allowed Secured Claim**"). To secure its claim, Matsco holds a first priority lien and security interest in a parcel of land of that the JDA released for the purpose of Matsco's loan to Debtor. Matsco's lien includes all of Debtor's right, title, and interest in and to the carved out parcel of the Property (the "**Class 2 Collateral**"). Matsco shall retain its lien on the Class 2 Collateral and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Petition Date until the Class 2 Claim is paid in full.

Debtor shall pay the Class 2 Claim in full on the Effective Date. Any payments made prior to the Effective Date and post-petition shall be applied to the principal balance of the Class 2 Claim.

Class 2 shall be paid from the Investment Proceeds.

If Class 2 is not paid in full on the Effective Date, Matsco shall have relief from the automatic stay under § 362 of the Bankruptcy Code to pursue its rights and remedies against Debtor and the Property.

Class 2 is Unimpaired. Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims.

6.

Notwithstanding the grossly over-secured status of MATSCO's claim, the Plan fails to provide that MATSCO is a fully secured creditor pursuant to 11 U.S.C. § 506(b).

**Objection to Confirmation of the Plan**

7.

Confirmation of a Chapter 11 Plan requires that a plan of reorganization comply with all of the requirements of Section 1129 of the Bankruptcy Code. In re Rivers End Apartments, Ltd., 167 B.R. 470, 475 (Bankr. S.D. Ohio 1994); In re Guilford Telecasters, Inc., 128 B.R. 622, 625 (Bankr. M.D.N.C. 1991). The burden of establishing each of these requirements rests squarely with the plan's proponents. Id.; In re Atrium Hightpoint, L.P., 1995 WL 736459 at *8 (Bankr. M.D.N.C. Nov. 17, 1995). Indeed, even in the absence of any confirmation objections, a bankruptcy court has an independent duty to determine whether the plan's proponents have met their burden and satisfied all confirmation requirements. In re Rivers End Apartments, Ltd., 167 B.R. at 475.

8.

Although Section 7.06 of the Plan provides that interest shall continue to accrue on or after the Petition Date on Allowed Secured Claims, the Plan does not specifically state that MATSCO is an over-secured creditor. MATSCO objects to confirmation of the Plan as it fails to provide that the Matsco Allowed Secured Claim is entitled to post-petition interest, reasonable fees and costs as permitted by the Note, related loan documents and 11 U.S.C. § 506(b).

9.

MATSCO's investigation and evaluation of the Plan is ongoing and the objections set forth herein are based on currently available information. MATSCO reserves the right to amend and/or supplement the above objections at or prior to any hearing on confirmation of the Plan.

Respectfully submitted, this 7th day of October, 2025.

/s/ Ron C. Bingham, II
RON C. BINGHAM, II
Georgia Bar No. 057240

ADAMS & REESE, LLP
3455 Peachtree Road, NE, Suite 1750
Atlanta, Georgia 30326
(470) 427-3700 – Telephone
(404) 500-5975 – Facsimile
Email: ron.bingham@arlaw.com
Attorneys for MATSCO, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **Objection to Debtor's Plan of Reorganization** was sent electronically via this Court's CM/ECF System upon registered users and via First Class U.S. Mail, postage prepaid, to those parties listed below on this the 7th day of October, 2025.

JDI Cumberland Inlet, LLC
8200 Roberts Drive, Suite 475
Atlanta, Georgia 30350

William A. Rountree, Esq.
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, Georgia 30326
wrountree@rlkglaw.com

Lindsay P.S. Kolba, Esq.
Office of the U.S. Trustee
75 Ted Turner Drive, SW, Suite 362
Atlanta, Georgia 30303
Lindsay.p.kolba@usdoj.gov

Bryan E. Bates, Esq.
Bradley Arant Boult Cummings LLP
Promenade Tower, Ste 20th Floor
1230 Peachtree Street NE
Atlanta, GA 30309
bebates@bradley.com

Ceci Christy, Esq.
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Rd, Ste 350
Atlanta, GA 30329
cchristy@rlkglaw.com

This 7th day of October, 2025.

                                                        /s/ Ron C. Bingham, II
                                                        RON C. BINGHAM, II
                                                        Georgia Bar No. 057240

ADAMS & REESE, LLP
3455 Peachtree Road, NE, Suite 1750
Atlanta, Georgia 30326
(470) 427-3700 – Telephone
(404) 500-5975 – Facsimile
Email: ron.bingham@arlaw.com
Attorneys for MATSCO, Inc.