UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In Re:** | **CASE NO. 25-55072-SMS** |
| **JDI CUMBERLAND INLET, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**DEBTOR'S RESPONSE TO CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY'S OBJECTION TO DEBTOR'S WITNESS AND EXHIBIT LIST**

Debtor JDI Cumberland Inlet, LLC ("**Debtor**") files this Response to Camden County Joint Development Authority's (the "**JDA**") Objection to Debtor's Witness and Exhibit List [Doc. No. 66] (the "**Objection**").

1. JDA's Objection is meritless because, unbeknownst to Debtor, JDA has been involved intimately in the negotiation of a potential purchase of Debtor's property with a third-party purchaser.

2. On Sunday, October 12, 2025, Debtor and counsel for Debtor learned that counsel for the JDA, Mr. Ed Rice, since either Friday, October 10, or Saturday, October 11, has communicated directly with counsel for a potential purchaser of Debtor's property. In fact, in an email dated October 11, 2025 from the potential purchaser's counsel to only Mr. Rice, Mr. Rice was asked to review a letter of intent for the potential purchase to ensure it addressed the JDA's concerns. The two attorneys apparently discussed amending Debtor's Plan of Reorganization before the scheduled confirmation hearing on October 15, 2025 to reflect the terms of the potential purchaser's term sheet.

3. Neither Debtor nor Debtor's counsel knew of Mr. Rice's negotiations with the potential purchaser and his demands for the proposed letter of intent until October 12, 2025. Debtor redlined the letter of intent and shared that version with counsel for the JDA on October 13, 2025.

4. On October 13, 2025, Debtor's counsel and the JDA's counsel communicated throughout the day regarding the letter of intent and the need to amend Debtor's Plan of Reorganization to reflect the terms of a final agreement between Debtor and the potential purchaser.

5. As the JDA knows, Debtor is awaiting the potential purchaser's comments to the redlined letter of intent before Debtor can amend its Plan of Reorganization.

6. Any attempt by the JDA to prevent Debtor from amending its Plan of Reorganization to reflect a potential purchase negotiated in part by Mr. Rice is an absolute interference with the reorganization process and should not be allowed by the Court.

WHEREFORE, based upon the foregoing, Debtor respectfully requests the Court overrule the JDA's Objection and grant such other and further relief as is just and proper.

Dated: October 13, 2025

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

~ 2 ~

~ 3 ~

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing pleading upon all those who filed a notice of appearance in this case, including the United States Trustee through the Court's ECF system.

Dated: October 13, 2025

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*