**IT IS ORDERED as set forth below:**

**Date: November 12, 2025**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 25-55072-SMS |
| **JDI CUMBERLAND INLET, LLC,** | **CHAPTER 11** |
| DEBTOR. | |

**ORDER CONFIRMING DEBTOR'S
AMENDED AND RESTATED PLAN OF REORGANIZATION**

On October 27, 2025, the Court held a hearing (the "**Final Confirmation Hearing**") regarding Debtor's request for confirmation of its *Amended and Restated Plan of Reorganization* dated October 22, 2025 [Doc. No. 74] (the "**Amended and Restated Plan**"). On September 4, 2025, the Court entered an *Order and Notice Conditionally Approving Disclosure Statement and of Assignment of Hearing on Confirmation of Plan and Establishing Deadlines* [Doc. No. 51]. At

the Final Confirmation Hearing, no objections to the Amended and Restated Disclosure Statement were raised.

### FINDINGS OF FACT [1]

On May 5, 2025 (the "**Petition Date**"), JDI Cumberland Inlet, LLC ("**Debtor**") filed its voluntary petition with the Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, (the "**Bankruptcy Code**").

Debtor has continued to manage its affairs and property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed.

On September 3, 2025, Debtor filed its original *Plan of Reorganization* (the "**Original Plan**") [Doc. No. 48]. Debtor also filed its *Disclosure Statement for Plan of Reorganization* related thereto [Doc. No. 49] (the "**Original Disclosure Statement**")[2] and an *Application Requesting Entry of Order Conditionally Approving Disclosure Statement and Establishing Certain Plan Deadlines* [Doc. No. 50].

On September 4, 2025, the Court entered the *Order and Notice Conditionally Approving Disclosure Statement and of Assignment of Hearing on Confirmation of Plan and Establishing Deadlines* [Doc. No. 51] (the "**Confirmation Hearing Notice**") that, among other things, (a) conditionally approved the Original Disclosure Statement as containing adequate information, (b)

---

[1] The findings and conclusions set forth in this Confirmation Order and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Amended and Restated Plan.

set a deadline for submitting ballots and objections to the Original Plan, and (c) scheduled a hearing to consider confirmation of the Original Plan. Pursuant to the Confirmation Hearing Notice, the original confirmation hearing was scheduled for October 15, 2025, the hearing on final approval of the Original Disclosure Statement was scheduled for October 15, 2025 (collectively, the "**Original Confirmation Hearing**"), and the deadline to submit ballots and/or to object to confirmation of the Original Plan was set for October 7, 2025.

In accordance with the Confirmation Hearing Notice, Debtor asserts that on September 5, 2025, it transmitted a copy of (i) the Confirmation Hearing Notice, (ii) the Original Plan, (iii) the Original Disclosure Statement, and (iv) a ballot (collectively, the "**Solicitation Package**") to all creditors, equity holders, and other parties-in-interest who have requested service, the U.S. Trustee, and all persons entitled to receive notice pursuant to the Bankruptcy Rules (the "**Notice Parties**") [Doc. No. 52]. Debtor asserts that it served the Solicitation Packages in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Confirmation Hearing Notice. Debtor served the Original Plan on all Notice Parties on September 5, 2025 evidenced by the Certificate of Service filed on September 5, 2025 [Doc No. 52].

Debtor asserts that adequate and sufficient notice of the Original Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Confirmation Hearing Notice was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Notice.

Before the Original Confirmation Hearing, Debtor's largest secured creditor, the Camden County Joint Development Authority (the "**JDA**"), timely filed an objection to the Plan and voted to reject the Original Plan [Doc. No. 69]. Safe and Green Development Corp. ("**S&G**") timely

filed an objection to the Original Plan and voted to reject the Original Plan [Doc. No. 77]. Matsco, Inc. ("**Matsco**") timely filed an objection to the Original Plan and voted to reject the Original Plan [Doc. No. 60].

At the Original Confirmation Hearing, Debtor and the JDA announced they had reached an agreement to resolve the JDA's objections to the Original Plan. Debtor's counsel read into the record the terms of the JDA and Debtor agreement in principle which was subject to final documentation. Under the terms of that agreement, Debtor was required to amend its Original Plan to incorporate the provisions of the agreement in principle and seek continuance of the confirmation hearing to October 27, 2025. At the Original Confirmation Hearing, the hearing was reset to the Final Confirmation Hearing.

On October 22, 2025, Debtor filed the Amended and Restated Plan of Reorganization [Doc. No. 74]. On October 26, 2025, Debtor filed an Amended and Restated Disclosure Statement [Doc. No. 82] (the "**Amended and Restated Disclosure Statement**").

The Amended and Restated Plan was served on all notice parties and all unsecured creditors on October 22, 2025 [Doc. No. 81]. The Amended and Restated Disclosure Statement was served on all notice parties and all unsecured creditors on October 26, 2025 [Doc. No. 83].

The Amended and Restated Plan resolved JDA's objection and Matsco's objection. S&G filed a rejection ballot in connection with the Amended and Restated Plan. At the Final Confirmation Hearing, Debtor and S&G announced that the S&G objection to the Amended and Restated Plan has been resolved. At the Final Confirmation Hearing, S&G's counsel further announced that S&G withdrew its objection to the Amended and Restated Plan and orally amended its vote to accept the Amended and Restated Plan based upon Debtor's modification to Section 4.04 of the Plan as reflected below.

Counsel for Debtor announced at the Final Confirmation Hearing that Debtor was modifying the treatment of S&G under the Plan as follows (the "**Plan Modification**"):

**4.04 (c)    Class 3 – S&G Allowed Unsecured Claim**.

Debtor shall pay the S&G Allowed Unsecured Claim in the amount of $2,625,000.00 on the Effective Date of the Plan from the Purchase Proceeds. If Class 3 is not paid in full on the Effective Date, Debtor shall execute the option to extend the term of the S&G Note for and additional 360 days (the "**Extension Option**") with payment of a $45,000 fee (the "**Extension Fee**") on the Effective Date.

Counsel for Debtor filed a Summary of Voting on Plan of Reorganization filed on October 27, 2025 (the "**Voting Summary**") [Doc. No. 84], which indicated that impaired Classes 1 and 3 voted to accept the Amended and Restated Plan.

NOW, THEREFORE, the Court having reviewed and considered the Amended and Restated Plan, the Amended and Restated Disclosure Statement, the Voting Summary, the representations of counsel at the Original Confirmation Hearing, Final Confirmation Hearing, the Plan Modification, the proffered testimony of Mr. James Jacoby ("**Mr. Jacoby**") who is the sole shareholder of Debtor's sole member, Jacoby Development, Inc. ("**Jacoby Development**"), and all other matters of record in this bankruptcy case, and it appearing to the Court that (i) notice of the Final Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Amended and Restated Plan and the transactions contemplated thereby and (ii) legal and factual basis exist to establish just cause for the relief granted herein; and after due deliberation and good cause appearing therefor, the Court hereby makes the following Conclusions of Law:

## CONCLUSIONS OF LAW:

Jurisdiction and Venue. This Court has jurisdiction over this case and over the subject matters of this Order pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Core Proceeding. Confirmation of the Amended and Restated Plan and approval of the Amended and Restated Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. Debtor has consented to the entry of a final order by the Court to the extent necessary.

Burden of Proof. Based on the record of this case, Debtor has met the burden of proving each element of § 1129(b) of the Bankruptcy Code by a preponderance of the evidence. The requirements for confirmation set forth in §§ 1129(a) and (b) of the Bankruptcy Code, which include by reference §§ 1122(a) and 1123(a)(1) of the Bankruptcy Code, have been satisfied.

Plan Modification Announced at the Confirmation Hearing. The Plan Modification is incorporated into the Amended and Restated Plan as if fully stated in it.

Compliance with § 1129(a)(1) of the Bankruptcy Code. The Amended and Restated Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1) of the Bankruptcy Code.

Compliance with § 1129(a)(2) of the Bankruptcy Code. Debtor has complied with the applicable provisions of the Bankruptcy Code, including with respect to the Amended and Restated Plan and the solicitation of acceptances thereof, thereby satisfying § 1129(a)(2) of the Bankruptcy Code. Specifically:

a. Debtor is a proper debtor under § 109 of the Bankruptcy Code and proper proponents of the Plan under § 1121(a) of the Bankruptcy Code.

b. Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

c. Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Notice in transmitting the Solicitation Packages to holders of impaired classes and in soliciting and tabulating votes on the Plan.

Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). Debtor has proposed the Amended and Restated Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code.

Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by Debtor for services or for costs and expenses in connection with this case, or in connection with the Amended and Restated Plan and incident to this case, requiring approval, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Amended and Restated Plan states that Jacoby Development will not retain its member interest in Reorganized Debtor as of the Effective Date; thus, satisfying § 1129(a)(5) of the Bankruptcy Code.

No Rate Changes (11 U.S.C. § 1129(a)(6)). The Amended and Restated Plan does not provide for any change in rates that require regulatory approval of any governmental agency. Thus, § 1129(a)(6) of the Bankruptcy Code is not applicable.

Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Amended and Restated Plan satisfies § 1129(a)(7) of the Bankruptcy Code because each holder of a claim or interest in an impaired class has accepted the Amended and Restated Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Amended and Restated Plan, that is not less than the amount that such holder would receive or retain if Debtor were liquidated in a chapter 7 bankruptcy case. The liquidation analysis presented at the Confirmation Hearing established that Debtor's secured creditors, the JDA and Matsco, would foreclose on their respective first in priority security interests in Debtor's property in a

chapter 7 liquidation and no other creditors would receive any distributions. Thus, the Amended and Restated Plan satisfies § 1129(a)(7) of the Bankruptcy Code.

Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)). As set forth in the Voting Summary, the Amended and Restated Plan was not accepted by all Classes. Impaired Classes 1 and 3 voted to accept the Plan. At the Final Confirmation Hearing, Class 3 changed its vote to accept the Plan. Class 4, the General Unsecured Creditors, did not vote on the Amended and Restated Plan. Class 4 Claims are being paid in full on the Effective Date of the Amended and Restated Plan. Thus, Debtor must confirm the Amended and Restated Plan under § 1129(b) of the Bankruptcy Code.

Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Claims, and allowed non-tax priority claims satisfies the requirements of § 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of allowed priority tax claims satisfies the requirements of § 1129(a)(9)(C) of the Bankruptcy Code, thereby satisfying § 1129(a)(9) of the Bankruptcy Code.

Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Summary, two Impaired classes voted to accept the Amended and Restated Amended and Restated Plan, thereby satisfying § 1129(a)(10) of the Bankruptcy Code.

Feasibility (11 U.S.C. § 1129(a)(11)). The evidence proffered in the Amended and Restated Plan, and at the Final Confirmation Hearing establishes that the Amended and Restated Plan is feasible, thereby satisfying the requirements of § 1129(a)(11) of the Bankruptcy Code. Debtor has demonstrated a reasonable assurance of the Amended and Restated Plan's prospects for success.

Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable to the Court or to the office of the United State Trustee have been paid or will be paid, thereby satisfying § 1129(a)(12) of the Bankruptcy Code.

Remainder of 11 U.S.C. § 1129(a) Inapplicable. Subsections 13, 14, 15, and 16 of section 1129(a) of the Bankruptcy Code are not applicable here because (i) Debtor does not provide any retiree or benefit plans, (ii) Debtor is not subject to any domestic support obligations, (iii) no unsecured claimholders objected to the Amended and Restated Plan, and (iv) Debtor is not a non-profit entity.

Section 1129(b). Debtor has satisfied § 1129(b)(2) of the Bankruptcy Code because Class 4 Claimants are receiving property of a value equal to the Allowed amount of their Claims on the Effective Date of the Amended and Restated Plan. Class 4 Claims are being paid in full. Jacoby Development is not retaining its Equity Interest in Reorganized Debtor. Thus, the Amended and Restated Plan satisfies § 1129(b) because all applicable requirements under § 1129(a), except § 1129(a)(8), have been satisfied. The Amended and Restated Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Amended and Restated Plan and has not accepted the Amended and Restated Plan.

Only One Confirmed Plan. The Court has not confirmed any other plan of reorganization in this case; accordingly, 11 U.S.C. § 1129(c) is satisfied.

Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Amended and Restated Plan is neither the avoidance of taxes nor the avoidance of § 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has objected to the confirmation of the Amended and Restated Plan on such grounds. The Amended and Restated Plan, therefore, satisfies the requirements of § 1129(d) of the Bankruptcy Code.

Good Faith Solicitation (11 U.S.C. § 1125(e)). The evidence proffered establishes that Debtor has solicited acceptances or rejections of the Amended and Restated Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, § 1125 of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of the Court and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation. Accordingly, Debtor and its agents, representatives, and attorneys are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

Satisfaction of Confirmation Requirements. Based on the foregoing, the Amended and Restated Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

Retention of Jurisdiction. This Court may properly retain jurisdiction over this case and all matters arising under, arising in, or related to, this case and the Amended and Restated Plan and this Confirmation Order to the fullest extent permitted by law.

**It is now, therefore, hereby ORDERED as follows:**

Final Approval of the Amended and Restated Disclosure Statement. No objections were made to the Court's conditional approval of the Amended and Restated Disclosure Statement. The Amended and Restated Disclosure Statement complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and is hereby approved.

Confirmation of the Plan. The Amended and Restated Plan and each of its provisions (whether or not specifically approved herein), as modified herein, are approved and confirmed under § 1129 of the Bankruptcy Code. The Amended and Restated Plan complies with all

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local bankruptcy rules of the Court.

Binding Effect. Pursuant to § 1141 of the Bankruptcy Code, effective as of the Effective Date of the Amended and Restated Plan, the provisions of the Amended and Restated Plan and this Confirmation Order shall be binding on (i) Debtor, (ii) all holders of Claims against and Equity Interests in Debtor, whether or not impaired under the Amended and Restated Plan and whether or not such holders have accepted or rejected the Amended and Restated Plan, (iii) each Person or entity receiving, retaining or otherwise acquiring property under the Amended and Restated Plan, (iv) any non-Debtor party to an executory contract or unexpired lease with Debtor, (v) any Person or entity making an appearance in the Chapter 11 Case or any other party-in-interest in the Chapter 11 Case, and (vi) each of the foregoing's successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, or beneficiaries.

Revesting of Assets. Except as otherwise provided in the Amended and Restated Plan and this Confirmation Order, after the Effective Date, all property and assets of Debtor's bankruptcy estate, and any other assets or property acquired by Debtor or the Reorganized Debtor under or in connection with the Amended and Restated Plan, shall vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions, claims, liens, and/or encumbrances expressly preserved and imposed by the Amended and Restated Plan and this Confirmation Order. For the avoidance of doubt, JDA's and Matsco's liens, claims, and encumbrances shall remain valid, binding, and enforceable in accordance with their terms and shall continue in full force and effect. All assets of the Reorganized Debtor that constitute collateral securing the JDA Allowed Secured Claim shall

continue to serve as such collateral and shall remain subject to JDA's liens, claims, and encumbrances, with the same validity, extent, and priority as existed prior to the Effective Date. Such liens, claims, and encumbrances shall not be released, discharged, or otherwise affected until the JDA Allowed Secured Claim has been indefeasibly paid in full which payment in full under the terms of the Amended and Restated Plan must occur on or before the Effective Date.

Bankruptcy Code Provisions Inapplicable to Reorganized Debtor. Except as otherwise provided in the Amended and Restated Plan and this Confirmation Order, on and after the Effective Date, the Reorganized Debtor may manage its business and its property and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code, except as provided herein. For the avoidance of doubt, the Reorganized Debtor shall continue to be bound by the terms of the loan documents related to the JDA Allowed Secured Claim. The Reorganized Debtor may open and utilize bank accounts and may employ professionals as he deems necessary in its sole discretion and shall no longer be required to use a debtor-in-possession accounts or obtain Court approval for retention and compensation of professionals.

Authority to Act. Debtor, through the Effective Date, and the Reorganized Debtor, and its respective authorized representatives, are authorized and empowered to take any and all actions necessary or desirable to implement the transactions contemplated by the Amended and Restated Plan and this Confirmation Order, in each case without any requirement of notice to, order of, or hearing before the Court. Each federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Amended and Restated Plan and the transactions contemplated

thereby. Upon the occurrence of the Escrow Release Condition, the Escrow Agent is irrevocably instructed and authorized hereby, without any further notice, consent, or action by Debtor, Reorganized Debtor, or any other party to release the DIL and Related Documents to JDA, whereupon JDA shall be immediately and unconditionally be entitled to record the DIL and Related Documents and consummate the transfer of title to its collateral (including Class 1 Collateral), free and clear of all liens, claims, and interests (other than those expressly permitted by the JDA). Debtor and Reorganized Debtor expressly, irrevocably, and unconditionally waive any right to notice, redemption, stay, objection or other challenge to such release from escrow, recordation, and transfer of title pursuant to this provision.

Government Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Amended and Restated Plan and any documents instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Amended and Restated Plan, the Disclosure Statement, and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

Resolution of Disputed Claims. Except as otherwise ordered by the Court, any Disputed Claim shall be determined, resolved, or adjudicated in accordance with the terms of this Confirmation Order and the Amended and Restated Plan.

Injunctions. Except as otherwise provided in the Amended and Restated Plan, as of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtor or the Estate are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any

suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtor, or the Reorganized Debtor, or any of its property or any direct or indirect successor in interest to Debtor or the Reorganized Debtor or any property of any such successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against Debtor or the Reorganized Debtor or any of their property, or any direct or indirect successor in interest to the Debtor or Reorganized Debtor or any property of any such successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtor or the Reorganized Debtor or any of their property, or any successor in interest to the Debtor or Reorganized Debtor; and (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Amended and Restated Plan and to the full extent permitted by applicable law. For the avoidance of doubt, the foregoing shall not operate to prohibit JDA from exercising and, JDA is hereby expressly authorized to exercise any and all remedies available to JDA under the governing loan documents and applicable state and federal law, *provided, however*, to the extent such exercise occurs before the Effective Date, JDA must first seek Bankruptcy Court approval of such exercise.

Headings. The headings contained within this Confirmation Order are used for the convenience and shall not alter or affect the meaning of the text of this Confirmation Order.

References to Plan Provisions. The failure specifically to include or reference any particular provision of the Amended and Restated Plan or in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the

Amended and Restated Plan (and any exhibits and schedules thereto) be confirmed in its entirety as modified herein and incorporated herein by reference.

<u>Retention of Jurisdiction</u>. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and all matters arising under, arising in, or related to, the Chapter 11 Case and the Amended and Restated Plan to the fullest extent permitted by law. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

<u>/s/ Ceci Christy</u>
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Reviewed By:**

**BRADLEY ARANT BOULT CUMMINGS LLP**

<u>/s/ Doroteya N. Wozniak</u>
Doroteya N. Wozniak
Georgia Bar No. 627491
Promenade Tower
1230 Peachtree Street NE
21st Floor
Atlanta, Georgia 30309
(404) 868-2801 Telephone
dwozniak@bradley.com
*Attorneys for Camden County Joint Development Authority*

**Distribution List**

Ceci Christy
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Doroteya Wozniak
Ed Rice
Promenade Tower
1230 Peachtree Street NE 21st Floor
Atlanta, GA 30309