**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC, | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**EMERGENCY MOTION TO MODIFY CONFIRMED**
**AMENDED AND RESTATED PLAN OF REORGANIZATION**

JDI Cumberland Inlet, LLC, debtor and debtor in possession ("**Debtor**"), by and through its undersigned counsel, hereby moves this Court on an emergency basis for an expedited hearing for entry of an order modifying Debtor's confirmed *Amended and Restated Plan of Reorganization* dated October 22, 2025 (the "**Plan**") [Doc. No. 74] to change the Effective Date from January 5, 2026 to January 12, 2026 (the "**Emergency Motion**"). In support of the Emergency Motion, Debtor respectfully shows the Court as follows:

**I.    NOTICE AND SERVICE OF EMERGENCY MOTION**

Debtor is filing with this Emergency Motion an *Emergency Motion to Shorten Time and for Expedited Hearing on Debtor's Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization* (the "**Emergency Motion**"), pursuant to Rule 9006-2 of the Bankruptcy Local Rules for the Northern District of Georgia, to shorten the notice period under Federal Rule of Bankruptcy Procedure 2002 for the Court to hear this Emergency Motion to one (1) day.

**II.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

1

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein include §§ 105(a), 1127(b), and of title 11 of the United States Code (the "**Bankruptcy Code**").

### III.   RELEVANT BACKGROUND

**The Effective Date of the Plan**

5. The Court entered the *Order Confirming Debtor's Amended and Restated Plan of Reorganization* on November 12, 2025 (the "**Confirmation Order**") [Doc. No. 89].

6. Debtor's sole member is Jacoby Development, Inc. ("**Jacoby Development**") whose sole shareholder is James Jacoby ("**Mr. Jacoby**").

7. Consummation of the Plan is dependent upon Jacoby Development's sale of its member interest in and to ONIC Corp. ("**ONIC**") for an amount that pays in full all of Debtor's creditors on or before the "**Effective Date**" defined in the Plan.

8. To obtain the support of Debtor's largest secured creditor the Camden County Joint Development Authority (the "**JDA**") for the Plan, Debtor executed deeds in lieu of foreclosure in favor the JDA to be held by the JDA's real estate counsel who is defined as the "**Escrow Agent**" in the Plan.

9. The Plan defines the "**Effective Date**" as the earlier of consummation of a sale of Jacoby Development's membership interest in Debtor, the consummation of a sale of Debtor's property, and January 5, 2026.  *See Plan*, § 2.31.

10. Pursuant to the definition of the "Effective Date," the Effective Date is now January 5, 2026.

11. As detailed in the Plan, on the Effective Date, Debtor is to pay JDA, Matsco, Inc., Safe Safe and Green Development Corp., and the unsecured creditors in full on January 5, 2026.

2

12. The Plan defines in Section 4.04 an "Escrow Release Condition" as "failure of Debtor to pay in full to JDA on or before January 5, 2026." Upon occurrence of this condition, the Escrow Agent, on behalf of the JDA, shall be immediately and unconditionally entitled to record the deeds in lieu of foreclosure that will transfer title of Debtor's property to the JDA. *See Plan*, § 4.04.

**Plan Funding**

13. Debtor has secured funding sufficient to pay the JDA and all other creditors in full as detailed in the Plan; however, due solely to administrative and funding logistics outside Debtor's control, ONIC, the funding source for distributions under the Plan, cannot disburse funds until some time between January 6, 2026 and January 12, 2026.

14. ONIC's owner, Mr. Sven Reckeweg's ("**Mr. Reckeweg**"), Declaration that explains the funding delay and that ONIC fully intends and desires to fund the Plan. A true and correct copy of the Declaration of Sven Reckeweg is attached hereto as **Exhibit A** and incorporated herein by reference (the "**Reckeweg Dec.**").

15. Mr. Reckeweg explains that his source of funding the Plan consists of the closing proceeds of an oil interest he owned that closed on December 31, 2025. Those closing proceeds exceed $15,000,000. Given the timing of the oil interest closing and the intervening holiday, the $15,000,000 could not be transferred to Debtor on or before January 5, 2026. *Reckeweg Dec.* at ¶¶ 3, 5.

16. Mr. Reckeweg intends to fund the Plan so that Debtor can pay JDA and all other creditors as provided in the Plan. *Id.* at ¶ 6.

17. Mr. Reckeweg requests a 7-10 day extension of the Effective Date to transfer the funds that will pay the JDA and all other creditors in full as dictated by the Plan. *Id.* at ¶ 6.

3

18. Debtor will consummate the Plan and pay the JDA and all other creditors in full as contemplated in the Plan no later than January 12, 2026, only seven days after the currently defined Effective Date.

**Communications with JDA's Counsel**

19. Debtor's counsel emailed and called JDA's counsel on January 2, 2026 when learning of the funding situation. As of the time of filing this Emergency Motion, Debtor's counsel has not spoken with JDA's counsel. Given the intervening holidays, communication (and funding) is delayed.

20. Debtor's counsel filed this Emergency Motion out of an abundance of caution given the ramifications to Debtor and all its creditors in the event communication with JDA's counsel does not result in an agreement extending the Effective Date and the Escrow Release Condition.

## IV.    PLAN MODIFICATION

**Plan Provision to be Modified**

"Section 2.31 *Effective Date* shall mean the earlier of: (i) consummation of a sale of Jacoby Development's membership interests in Debtor, (ii) consummation of a sale of Debtor's property, and (iii) January 5, 2026."

**Modification to the Section 2.31 – Modifies January 5, 2026 to January 12, 2026**

"Section 2.31 *Effective Date* shall mean the earlier of: (i) consummation of a sale of Jacoby Development's membership interests in Debtor, (ii) consummation of a sale of Debtor's property, and (iii) January **12**, 2026."

**Plan Provision to be Modified**

Section 4.04(a)(vi)
"… The documents shall remain in escrow pending payment in full of the JDA Allowed Secured Claim or failure of the Escrow Release Condition. The Escrow Release Condition shall mean the failure of Debtor to pay in full to JDA, on or before January 5, 2026, the JDA Allowed Secured Claim, time is of the essence with respect to such payment. …"

4

**Modification to Section 4.04(a)(vi) – Modifies the definition of Escrow Release Condition to be on or before January 12, 2026**

"… The documents shall remain in escrow pending payment in full of the JDA Allowed Secured Claim or failure of the Escrow Release Condition. The Escrow Release Condition shall mean the failure of Debtor to pay in full to JDA, on or before January **12**, 2026, the JDA Allowed Secured Claim, time is of the essence with respect to such payment. …"

### III. EMERGENCY RELIEF IS NECESSARY

21. Absent immediate relief, JDA will record the deeds in lieu of foreclosure on January 6, 2026.

22. Recording the deeds in lieu will irreparably harm all other creditors in this case. If the recording occurs, no other creditors will be paid.

23. The requested extension of the Effective Date is brief, ministerial in nature, and does not prejudice the JDA, who will be paid in full within days.

24. Without an extension of the Effective Date and the Escrow Release Condition in the Plan, Debtor's other secured creditors and unsecured creditors will not receive any distributions under the Plan as ONIC's consideration for funding the Plan will no longer be property of Debtor's bankruptcy estate.

### V.  ARGUMENT AND CITATION TO AUTHORITY

25. Section 1127(b) of the Bankruptcy Code permits modification of a confirmed plan prior to substantial consummation of the plan as follows:

"The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title."

11 U.S.C. § 1127(b).

26. "Substantial consummation" means a "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2). "Substantial consummation" requires the presence of all three elements. *In re Price,* 2008 WL 2001902 (Bankr. D. N.M., May 8, 2008).

27. Debtor must establish that substantial consummation has not occurred and, if not, that the circumstances warrant the requested modification and the plan remains confirmable after the modification. *In re Western Capital Partners, LLC,* 2015 WL 400536, * 5 (Bankr. D. Col., Jan. 28, 2015).

28. Here, the Plan has not been substantially consummated. Debtor has not transferred all or substantially all of property proposed to be transferred. ONIC has not assumed Debtor's business or management of any of Debtor's property dealt with by the Plan. Distributions under the Plan have not commenced.

29. Each of these elements are to occur on the Effective Date of the Plan. The proposed modification extends the Effective Date from January 5, 2026 to January 12, 2026 and extends the Escrow Release Condition to January 13, 2026 and does not alter the treatment of any creditor.

30. The modification is warranted in these circumstances. January 5, 2026 falls on a Monday immediately after the new year holiday on Wednesday and Thursday with only one business day between the holiday and January 5, 2026 to complete the required funding. Mr. Reckeweg's declaration explains the cause for the funding delay and his intent and desire to purchase Mr.

Jacoby's equity interest in Jacoby Development to pay in full all of Debtor's creditors and for ONIC to be the owner of Debtor. *See Reckeweg Dec.*

31. The modification is necessary to carry out the intent of the Plan and the Confirmation Order which is to pay all Debtor's creditors in full on the Effective Date of the Plan. The extension of the Effective Date and the Escrow Release Condition does not change any creditor distributions under the Plan. Instead, the modification protects all creditors' distributions and allows all creditors to be paid in full.

32. The JDA will receive full payment in accordance with the Plan within seven days.

33. No other creditor's rights are modified or impaired by the change in the Effective Date.

34. With the requested modification, the Plan continues to comply with §§ 1122 – 1129 of the Bankruptcy Code, making the modified Plan confirmable. Thus, Debtor meets the requirements under § 1127(b) allowing the Court to modify the Plan to change the Effective Date to January 12, 2026 and to extend the Escrow Release Condition to January 13, 2026.

## VI.    CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order, after emergency notice and hearing, modifying the Plan to extend the Effective Date from January 5, 2026 to January 12, 2026 and to extend the Escrow Release Condition to January 13, 2026 and granting such other and further relief as the Court deems just and proper.

Dated: January 4, 2026                              **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **JDI CUMBERLAND INLET, LLC,** | **Case No. 25-55072-SMS** |
| Debtor. | |

## DECLARATION OF SVEN RECKEWEG

I, Sven Reckeweg, state and declare under penalty of perjury that the following is true and correct.

1.

I am a fifty percent (50%) shareholder and authorized representative of Onic Corp. ("**Onic**"). I am the sole member of Universal Capital Holdings LLC ("**UCH**").

2.

UCH is lending $15,000,000 to Onic to fund JDI Cumberland Inlet, LLC's ("**JDI**") plan of reorganization and the payoff of the Camden County Joint Development Authority's ("**JDA**") loan. That loan payment is due on January 5, 2026.

3.

I am funding UCH from the closing proceeds of an oil interest in my name that closed on December 31, 2025. The closing proceeds exceed $15,000,000. I am transferring these funds to UCH which is loaning the $15,000,000 to Onic to payoff the JDA loan.

4.

UCH, at my direction and on my authority, is wiring the $15,000,000 to JDI's bankruptcy counsel for payment under the reorganization plan.

5.

Given the holidays, the transfers will not occur before January 5, 2026 given the mechanics of those transfers and that I live in Dubai, United Arab Emirates.

6.

I desire and intend to fund the plan of reorganization and to payoff JDA. I request a 7-10 day extension from January 5, 2026 to fund UCH, which will fund Onic, which will pay the JDA. The $15,000,000 will be wired into the escrow account Rountree Leitman Klein & Geer, LLC who will make the disbursements as stated in the plan of reorganization.

This 2nd day of January 2026.

_____
Sven Reckeweg
Individually and as the sole owner of
Universal Capital Holdings, LLC and as
an Authorized Representative of
Onic Corp.

## CERTIFICATE OF SERVICE

I certify that on this day I served the foregoing pleading by filing same and through the Court's ECF system upon the following:

- **Bryan E. Bates**   bebates@bradley.com
- **Ron C. Bingham**   ron.bingham@arlaw.com, lianna.sarasola@arlaw.com
- **Ceci Christy**   cchristy@rlkglaw.com, wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com
- **Lindsay P. S. Kolba**   lindsay.p.kolba@usdoj.gov
- **Edwin G. Rice**   erice@bradley.com, ajecevicus@bradley.com;edwin-rice-1713@ecf.pacerpro.com
- **William A. Rountree**   wrountree@rlkglaw.com, 6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emiller@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;cwilliams@rlkglaw.com
- **Steven Soulios**   ssoulios@lawnynj.com
- **Doroteya Wozniak**   dwozniak@bradley.com

This 4th day of January 2026.

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092

8