**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re:<br><br>**JDI CUMBERLAND INLET, LLC,**<br><br>Debtor. | **CASE NO. 25-55072-SMS**<br><br>**CHAPTER 11** |

**DEBTOR'S EMERGENCY MOTION TO SHORTEN TIME AND FOR EXPEDITED HEARING ON DEBTOR'S EMERGENCY MOTION TO MODIFY CONFIRMED AMENDED AND RESTATED PLAN OF REORGANIZATION**

JDI Cumberland Inlet, LLC ("**Debtor**"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, by and through undersigned counsel, hereby files this *Emergency Motion to Shorten Time and for Expedited Hearing on Debtor's Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization* (the "**Emergency Motion**"), pursuant to Rule 9006-2 of the Bankruptcy Local Rules for the Northern District of Georgia, respectfully showing the Court as follows:

1.  On January 4, 2026, Debtor filed an *Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization* (the "**Emergency Plan Modification Motion**") [Doc. No. 97] requesting the Court to enter an order modifying the "Effective Date" of Debtor's Amended and Restated Plan of Reorganization (the "**Plan**") [Doc. No. 74][1] and the effects thereof that the Court confirmed on November 12, 2025 [Doc. No. 89], pursuant to 11 U.S.C. § 1127(b).

2.  Debtor respectfully requests an expedited hearing on the Emergency Plan Modification Motion on January 5, 2026 so that Debtor's can be funded on or before January 12, 2026 and to prevent Debtor's secured creditor, Camden County Joint Development Authority (the

---

[1] All terms not defined herein shall have the same meaning as ascribed to them in Debtor's Amended and Restate Plan of Reorganization dated October 22, 2025 [Doc. No. 74].

"**JDA**") from recording on January 6, 2026 deeds in lieu of foreclosure executed by Debtor in favor of the JDA under the terms of the Pan.

3. Consummation of the Plan is dependent upon Jacoby Development's sale of its member interest in and to ONIC Corp. ("**ONIC**") for an amount that pays in full all of Debtor's creditors on or before the "**Effective Date**" defined in the Plan.

4. To obtain the support of Debtor's largest secured creditor the Camden County Joint Development Authority (the "**JDA**") for the Plan, Debtor executed deeds in lieu of foreclosure in favor the JDA to be held by the JDA's real estate counsel who is defined as the "**Escrow Agent**" in the Plan.

5. The Plan defines the "**Effective Date**" as the earlier of consummation of a sale of Jacoby Development's membership interest in Debtor, the consummation of a sale of Debtor's property, and January 5, 2026. *See Plan*, § 2.31.

6. Pursuant to the definition of the "Effective Date," the Effective Date is now January 5, 2026.

7. As detailed in the Plan, on the Effective Date, Debtor is to pay Camden County Joint Development Authority (the "JDA"), Matsco, Inc., Safe and Green Development Corp., and the unsecured creditors in full on January 5, 2026.

8. The Plan defines in Section 4.04 an "Escrow Release Condition" as "failure of Debtor to pay in full to JDA on or before January 5, 2026." Upon occurrence of this condition, the Escrow Agent on behalf of the JDA shall be immediately and unconditionally entitled to record the deeds in lieu of foreclosure that will transfer title of Debtor's property to the JDA. *See Plan*, § 4.04.

9. Debtor has secured funding sufficient to pay the JDA and all other creditors in full as detailed in the Plan; however, due solely to administrative and funding logistics outside Debtor's

control, ONIC, the funding source for distributions under the Plan, will not receive the funds on January 5, 2026 but will receive the funds and disburse them between January 6, 2026 and January 12, 2026.

10.     The source of funding the Plan is the closing proceeds of an oil interest that closed on December 31, 2025. Those closing proceeds exceed $15,000,000. Given the timing of the oil interest closing and the intervening holidays, the $15,000,000 could not be transferred to Debtor on or before January 5, 2026.

11.     Debtor's counsel emailed and called JDA's counsel on January 2, 2026 when learning of the funding situation. As of the time of filing this motion, Debtor's counsel has not spoken with JDA's counsel. Given the intervening holidays, communication (and funding) is delayed.

12.     Debtor's counsel filed this Emergency Motion out of an abundance of caution given the ramifications to Debtor and all its creditors in the event communication with JDA's counsel is delayed on January 5, 2026.

13.     Absent immediate relief, JDA will record the deeds in lieu of foreclosure on January 6, 2026. Recording the deeds in lieu will irreparably harm Debtor and all other creditors in this case. If the recording occurs, no other creditors will be paid under the Plan.

14.     The requested extension of the Effective Date is brief, ministerial in nature, and does not prejudice the JDA, who will be paid in full within seven days.

15.     Without an extension of the Effective Date and a delay of the Escrow Release Condition in the Plan, Debtor's other secured creditors and unsecured creditors will not receive any distributions under the Plan as ONIC's consideration for funding the Plan will no longer be property of Debtor's bankruptcy estate.

16. Debtor seeks an expedited hearing because Debtor meets the requirements of 11 U.S.C. § 1127(b) for the Court to grant the Emergency Plan Modification Motion.

WHEREFORE, Debtor requests that the Court:

(a) Grant this Emergency Motion;

(b) Schedule a hearing on Debtor's *Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization* on January 5, 2026; and

(c) Grant such other and further relief as this Court deems just and reasonable.

Respectfully submitted, this 4th day of January 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1244 Telephone
cchristy@rlkglawfirm.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I certify that on this day I served the foregoing pleading by filing same and through the Court's ECF system upon the following:

- **Bryan E. Bates**   bebates@bradley.com
- **Ron C. Bingham**   ron.bingham@arlaw.com, lianna.sarasola@arlaw.com
- **Ceci Christy**   cchristy@rlkglaw.com, wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com
- **Lindsay P. S. Kolba**   lindsay.p.kolba@usdoj.gov
- **Edwin G. Rice**   erice@bradley.com, ajecevicus@bradley.com;edwin-rice-1713@ecf.pacerpro.com
- **William A. Rountree**   wrountree@rlkglaw.com, 6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emiller@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;cwilliams@rlkglaw.com
- **Steven Soulios**   ssoulios@lawnynj.com
- **Doroteya Wozniak**   dwozniak@bradley.com

This 4th day of January 2026.

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092