**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> JDI CUMBERLAND INLET, LLC, <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO:  25-55072-sms |

**CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY'S**
**OBJECTION TO EMERGENCY MOTION TO MODIFY CONFIRMED AMENDED**
**AND RESTATED PLAN OF REORGANIZATION**

Camden County Joint Development Authority (the "**Development Authority**") objects to the Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization (the "**Plan Modification Motion**") (Doc. 97) filed by JDI Cumberland Inlet, LLC (the "**Debtor**") on the following grounds:

**Preliminary Statement**

While the Plan Modification Motion is couched as a request for a seemingly short extension of a payment deadline, with assurances of payment, the Development Authority is rightly concerned that the Plan Modification Motion is actually just the Debtor's latest attempt to obstruct and delay the Development Authority's rights.  The terms of the Debtor's Plan reflect the heavily negotiated provisions key to securing the Development Authority's willingness to withdraw its motion to dismiss this case and its opposition to the Debtor's originally proposed plan.  The Debtor agreed to a clear-cut payment deadline, with clear-cut consequences if it failed to meet its obligations.  Indeed, all parties were put on notice as to the outcome if the Debtor failed to meet

that deadline. Throughout this case, and indeed throughout the relationship between the Debtor and the Development Authority, the Debtor has confidently and repeatedly promised payments that it ultimately failed to make. By this motion, the Debtor is simply making another promise to pay, without credible support or assurances that any such payment will ever be made. As set forth herein, and as the Development Authority will further argue, the Debtor is not authorized by the Plan to even seek the requested modification, and it cannot meet its burden to modify the Plan under 11 U.S.C. § 1127(b) in any event.

## Background

1. On May 5, 2025, the Debtor filed its voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code (the "**Petition**") which initiated this chapter 11 bankruptcy case (the "**Bankruptcy Case**"). (Doc. 1).

2. On August 20, 2025, the Development Authority filed its Motion of Camden County Joint Development Authority to (I) Dismiss Case; or (II) Alternatively, Grant Relief from the Automatic Stay (Doc. 41) (the "**Motion to Dismiss**").

3. On September 3, 2025, the Debtor filed a proposed plan and disclosure statement (Doc. 48, 49) (the "**Original Plan**").

4. On October 6, 2025, the Development Authority timely filed its proof of claim (Claim No. 6-1) asserting a fully secured claim due and owing under the Loan Documents (as defined below) as of September 30, 2025, in the amount of $10,134,270.03, which claim along

2

with accruing interest, fees, and expenses was allowed by the Debtor in the Plan (as defined below).[1]

5. On October 7, 2025, the Development Authority filed a comprehensive objection to the Original Plan (Doc. 58) (the "**Objection**"), raising substantial confirmation defects.

6. The Development Authority's Motion to Dismiss and Objection were scheduled to be heard at the confirmation hearing on the Original Plan set for October 15, 2025.

7. In reliance on an extensively negotiated, arm's-length agreement with the Debtor – pursuant to which the Development Authority bargained for and obtained finality – the Development Authority did not proceed on its Motion to Dismiss and the Objection. That agreement was memorialized in the amended and restated plan of reorganization filed on October 22, 2025 (Doc. 74) (the "**Plan**").

8. On November 12, 2025, the Court entered the order confirming the Plan (Doc. 89) (the "**Confirmation Order**").

9. On January 4, 2026, the Debtor filed the Plan Modification Motion.

## **OBJECTION**

11 U.S.C. § 1141(a) provides that, upon confirmation, the provisions of a confirmed plan bind the debtor, creditors, and equity security holders. The Debtor is bound by the following key provisions of the Plan:

- Section 12.03 Amendments and Modifications. **This Plan may not be altered, amended, or modified without the written consent of** Debtor and **JDA**.[2] Debtor

---

[1] The Development Authority's claim balance as of January 5, 2026 is not less than $10,604,567.80 with interest, fees and expenses continuing to accrue.
[2] The Development Authority was referred to as "JDA" in the Plan.

3

- Section 5.12 Exclusive Right to Modify Plan. Debtor shall retain the exclusive right to amend or modify the Plan, and to solicit acceptances of any amendments to, or modifications of, the Plan until and including the Confirmation Date; *provided, however*, **any amendment, modification, or alteration to any provision of the Plan must be previously approved by the JDA** and Matsco. (Doc. 74, p. 16, emphasis added)

may withdraw this Plan at any time only with the prior written approval of JDA and Matsco. (Doc. 74, p. 26, emphasis added).

To preserve the finality afforded by the Plan, the Development Authority negotiated for, and the Debtor agreed to, the foregoing Plan provisions restricting the Debtor's ability to modify any term of the Plan absent consent by the Development Authority. The Debtor did not obtain or seek the Development Authority's approval prior to the filing of the Plan Modification Motion. The Development Authority has not and does not approve the proposed modifications by the Debtor. Accordingly, the Debtor does not have authority to file the present Plan Modification Motion and as such, the Plan Modification Motion should be denied.

Furthermore, the Plan clearly and unequivocally provides that the Development Authority's full claim is to be paid in full on or before January 5, 2026, or the Development Authority is immediately and unconditionally authorized to record the deeds in lieu and related documents (terms which the Debtor has no basis to now modify), as follows:

- Section 4.04(a)(vi). The DIL and Related Documents shall be delivered into escrow with the Escrow Agent upon their execution. The documents shall remain in escrow pending payment in full of the JDA Allowed Secured Claim or failure of the Escrow Release Condition. **The Escrow Release Condition shall mean the failure of Debtor to pay in full to JDA, on or before January 5, 2026, the JDA Allowed Secured Claim, <u>time is of the essence with respect to such payment</u>**. For purposes of this provision, "payment in full" or "pay in full" means actual receipt by JDA, in immediately available funds, of the entire JDA Allowed Secured Claim. (Doc. 74, p. 10, emphasis added).

4

- Section 4.04(a)(vii). Upon the occurrence of the Escrow Release Condition, the Escrow Agent is irrevocably instructed and authorized hereby, without any further notice, consent, or action by Debtor, Reorganized Debtor, or any other party to release the DIL and Related Documents to JDA, whereupon **JDA shall be immediately and unconditionally entitled** to record the DIL and Related Documents and consummate the transfer of title to its collateral (including Class 1 Collateral), free and clear of all liens, claims, and interests (other than those expressly permitted by the JDA).1 **Debtor and Reorganized Debtor expressly, irrevocably, and unconditionally waive** any right to notice, redemption, stay, **objection or other challenge to such release from escrow, recordation, and transfer of title pursuant to this provision**. (Doc. 74, p. 10-11, emphasis added)

- Section 10.02 Conditions to the Effective Date. The following are conditions precedent to the occurrence of the Effective Date, each of which may be satisfied or waived in accordance with section 10.03 of this Plan: (a)The Confirmation Order shall not have been stayed as of the Effective Date; provided, however, notwithstanding Bankruptcy Rule 3020(e) or any similar provision of law, the Confirmation Order shall be effective immediately upon its entry, and **time is of the essence with respect to the occurrence of the Effective Date, which shall in no event be later than January 5, 2026, absent the prior written consent of JDA**. (Doc. 74, p. 23, emphasis added).

The finality afforded by the Development Authority's ability to record the deeds under power and related documents on January 6, 2026, if not paid in full by January 5, 2026, was a critical component upon which the Development Authority relied on in agreeing to support the Debtor's Plan.

The Debtor has failed to carry its burden under 11 U.S.C. § 1127(b) to demonstrate that post-confirmation circumstances warrant modification of the Plan. The Debtor simply admits that it cannot meet the agreed terms, the consequences of which have always been clear. The Debtor knew or should have been aware of the January 5, 2026 deadline. The Debtor was fully afforded the opportunity to make sufficient accommodations to secure the necessary funding, but simply

5

has failed to do so. Previously, in connection with negotiating Plan confirmation, counsel for Debtor provided to the Development Authority assurance of funding, from a different funding source, which apparently fell through (or never actually existed). The Court should reject the Debtor's latest purported funding source, based on specious references by a foreign declarant to a loan that will be funded from the proceeds of an overseas oil interest.[3] The purported "new funding source" is yet the latest assurance the Debtor is providing to meet its obligations. The Development Authority has heard these promises before. Of course, the Development Authority would just prefer to be paid, as promised, and if payment was certain, then a short delay may not be materially prejudicial. However, there is nothing contained in Debtor's filings sufficient to support or establish that the purported "closing proceeds of an oil interest" personally owned by Sven Reckeweg even exist or that any such funds are presently available to fund the Plan.

The Development Authority anticipates that, even if the Court were to grant the Debtor's current request - which the Development Authority does not believe is warranted - the parties will likely be back in front of this Court on January 12, 2026, addressing yet another set of explanations as to why the payment still cannot be completed. This is precisely the reason the Development Authority bargained for **finality - so as to avoid the very cycle of delay and uncertainty now before the Court**. The finality afforded by the Development Authority's ability to record the deeds under power on January 6, 2026, was a critical component upon which the Development Authority relied on in agreeing to support the Debtor's Plan. Permitting the Debtor the requested

---

[3] The purported declaration fails to satisfy the requirements of 28 U.S.C. § 1746(1) for declarations executed outside of the United States, further undermining the credibility of the proposed funding.

6

modification under the present circumstances would eviscerate the consideration for the Development Authority's agreement to support this Plan and undermine the certainty on which the Development Authority relied at confirmation, for which the Development Authority relinquished its rights to pursue immediate dismissal of this case, which could have been adjudicated months ago.

## CONCLUSION

WHEREFORE, the Development Authority respectfully request the Court to (1) sustain this objection and deny the Plan Modification Motion, and (2) grant such further relief as the Court determines necessary and appropriate.

Dated:  January 5, 2026

                **BRADLEY ARANT BOULT CUMMINGS LLP**

                */s/ Doroteya N. Wozniak*
                Doroteya Wozniak
                Georgia Bar No. 627491
                Bryan Bates
                Ga. Bar No. 140856
                1230 Peachtree St., NE, Suite 2100
                Atlanta, GA 30309
                P: (404) 868-2794
                F: (404) 868-2100
                Email:  bebates@bradley.com
                              dwozniak@bradley.com

                and

                */s/ Edwin G. Rice*
                Edwin G. Rice, Esq.
                Florida Bar No. 855944
                Thousand & One
                1001 Water St., Suite 1000, Tampa, FL 33602
                T: (813) 559-5500

F: (813) 229-5946
Primary email:  erice@bradley.com
Secondary email:  ajecevicus@bradley.com
***Pro hac vice***

*Counsel for Camden County Joint Development Authority*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2026, a true and correct copy of CAMDEN COUNTY JOINT DEVELOPMENT AUTHORITY'S OBJECTION TO EMERGENCY MOTION TO MODIFY CONFIRMED AMENDED AND RESTATED PLAN OF REORGANIZATION has been filed electronically with Court's PACER CM/ECF electronic filing system which will provide a copy of this filing to all counsel of record.

*/s/ Doroteya N. Wozniak*
Doroteya N. Wozniak
Georgia Bar No. 627491
