**IT IS ORDERED as set forth below:**



**Date: January 9, 2026**

_____
**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JDI CUMBERLAND INLET, LLC, | ) | CASE NO. 25-55072-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING EMERGENCY MOTION TO MODIFY CONFIRMED AMENDED AND RESTATED PLAN OF REORGANIZATION

This matter came before the Court on January 6, 2026 on Debtor JDI Cumberland Inlet, LLC's ("**Debtor**") *Emergency Motion to Modify Confirmed Amended and Restated Plan of Reorganization* (the "**Emergency Motion**") [Doc. No. 97] filed on January 4, 2026 (the "**Hearing**"). The Motion seeks to modify Debtor's confirmed *Amended and Restated Plan of Reorganization* dated October 22, 2025 (the "**Plan**") [Doc. No. 74] to modify the Effective Date of the Plan from January 5, 2026 to January 12, 2026.[1] Counsel for Debtor, counsel for Camden County Joint Development Authority ("**JDA**"), and Mr. James Jacoby, Debtor's representative,

---

[1] Defined terms herein shall have the meaning ascribed to them in Debtor's Plan.

appeared at the Hearing. JDA filed an objection to the Emergency Motion (the "**Objection**") [Doc. No. 100]. Upon consideration of the Emergency Motion, the Objection, statements of counsel at the Hearing, and all other matters of record, the Court finds that cause exists to grant the relief requested in the Emergency Motion. Accordingly,

It is hereby **ORDERED** as follows:

1. The Motion is **GRANTED as provided below**.

2. Pursuant to 11 U.S.C. § 1127(b), Debtor's confirmed Plan is hereby modified solely to extend the Effective Date of the Plan from January 5, 2026 to January 12, 2026, and to replace in Section 4.04(a)(iv) and (vi) references to January 5, 2026 with January 12, 2026.

3. All provisions of the Plan not expressly modified by this Order remain in full force and effect.

4. Nothing in this Order shall impair or modify JDA's rights under the Plan. For the avoidance of doubt, if Debtor fails to comply with the requirements of the Plan, JDA can exercise its respective remedies under the Plan and applicable law as early as 12:01 a.m. on January 13, 2026, and any related stays are hereby lifted.

5. No further modifications of the Plan relating to the Effective Date and treatment of the JDA Allowed Secured Claim shall be permitted (including, without limiting, extension of the repayment deadline for the JDA Allowed Secured Claim and JDA's exercise of remedies under the Plan and applicable law) without the express written consent of JDA, by and through its counsel.

6. This Order shall be effective and enforceable immediately upon entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

8. Debtor's counsel shall serve this Order within one (1) day of entry by electronic mail or United States First Class Mail upon all creditors, all parties in interest, and the United States Trustee.

### ### END OF ORDER ###

**Prepared and presented by:**

ROUNTREE LEITMAN KLEIN & GEER, LLC

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Reviewed By:**

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Doroteya N. Wozniak*
Doroteya N. Wozniak
Georgia Bar No. 627491
Promenade Tower
1230 Peachtree Street NE
21st Floor
Atlanta, Georgia 30309
(404) 868-2801 Telephone
dwozniak@bradley.com
*Attorneys for Camden County Joint Development Authority*

**Distribution List**

Ceci Christy
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Doroteya Wozniak
Promenade Tower
1230 Peachtree Street NE 21st Floor
Atlanta, GA 30309

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303